## COLTON v. SEAVEY.

A DEED executed by only a part of the persons named in the body as grantors is good as to the executing parties, and conveys their interest in the property.

An acknowledgment of a conveyance taken and certified to by a Justice of the Peace within his county is valid, without regard to the locality of the land conveyed, and though it is situated in another county.

In the description of a deed one line was described to run "thence *westerly*, including the cañadas, to a stake, so that a line running from thence to the Dos Pedros will pass about two hundred yards from the present new corral of the said José Jesus Lopez:" *held*, that the line was to be located by the natural landmarks mentioned, although these determined its course to be north-easterly, instead of westerly.

Colton *v.* Seavey.

A description of a line in a deed by natural or artificial landmarks clearly identified, will govern and control one by course or distance where they do not agree.

Parol evidence is admissible to explain the location of the objects mentioned in the description of a deed, and thus fix the boundary lines of the tract conveyed.

A subsequent purchaser who seeks to avoid a prior deed of the same premises made by his grantor on the ground that he is a purchaser in good faith and without notice, must show affirmatively that he paid a good and valuable consideration.

An acknowledgment of the payment of the purchase money by the grantor in a subsequent deed is no evidence of the fact of payment as against one claiming under a prior deed.

APPEAL from the Seventh Judicial District.

The facts are stated in the opinion of the Court.

*Wm. H. Jones*, for Appellant.

I.   The deed under which plaintiff claims conveyed no title, and is inoperative and void against the defendant.

1st.  It was not shown by the plaintiff that the grantors named in the deed had such an estate as would enable them to join in a conveyance of all the premises therein described.   (3 Phil. Ev. 580, 4th Ed. ; *Doe* v. *Butler*, 3 Wend. 149 ; 1 Starkie's Ev. Part 11, Sec. 135.)

2d.  This is a joint deed, and in a joint demise the title must be joint.   (*Taylor* v. *Taylor*, 3 Marsh. 19 ; *Tucker* v. *Vance*, 2 Id. 458 ; *Jackson* v. *Bradt*, 2 Caine's, 174.)

3d.  It is an unexecuted instrument.   Only five out of the thirteen whose names appear in the body of the deed ever signed it, or admitted they had done so.   In a joint instrument, all that are named as parties to it in the instrument should execute it.   It must be the act of all and of each of them, otherwise the instrument will be inoperative and void.   This is the rule as to bonds and commercial paper.   (*Wood* v. *Washburn*, 2 Pick. 24 ; *Sharp* v. *United States*, 4 Watts, 21 ; *Bean* v. *Parker*, 17 Mass. 591 ; *Johnson* v. *Easkino*, 9 Texas, 1 ; *Fletcher* v. *Austin*, 11 Vt. 447 ; *Conrad* v. *The Atlantic Ins. Co.*, 1 Pet. 388, 451 ; *Hawkins* v. *Kemp*, 3 East. 440.)   And the same rule applies to deeds.   The execution

must be proved by all the parties.  (11 Phillips' Evidence, 459, 4th Ed.)

II.  This deed was not entitled to record in the County of Marin, and the defendant had no notice of it when he purchased the premises in controversy in 1858.  The land described in the deed was situated in the County of Marin.  M. D. Lewis was a Justice of the Peace for Sonoma County, and had no authority to take acknowledgments of conveyances of land not within his county. The clause, " Justices of the Peace within their respective counties " (Sec. 135, Art. 5, p. 30, Laws of Cal. 1851), means Justices of the Peace within and for the county where the land lies. The record of the deed in Marin County did not therefore impart notice.  (1 Story's Eq. Sec. 404.)

Neither the plaintiff nor any of the persons through whom he claims have been in possession of the land described in this deed or of the land described in the complaint since the date of the deed (June 26th, 1862).  The land in controversy is not embraced within the lines described in this deed.  And if actual notice of the contents of the deed had been proven by the plaintiff, still the courses given in the deed cannot be interpreted reversely for the purpose of connecting such notice with the land in controversy. The plaintiff therefore failed to prove a title upon which he could recover.  (*Estrada* v. *Murphy*, 19 Cal. 248.)  And a failure to prove notice was a failure to prove a right of entry.  (*Ortman* v. *Dixon*, 13 Cal. 37.)

III.  The admission by the Court of the testimony of J. H. Lewis and J. A. Tustin was error.  Title to land or disclaimance of title does not rest in parol declarations.  (*Williams* v. *Miller*, 6 Cow. 751; *Van Allen* v. *Vasburg*, 7 Johns. 186; *Livingston* v. *Resselbach*, 10 Id. 336, 338 ; *White* v. *Cary*, 16 Id. 302.)

IV.  The defendant has a legal title to the premises, and the legal title must prevail in this action.  The defendant's deed can be set aside only on the ground of fraud; and the fact that it was fraudulent must be found.  (Wood's Dig. 105, Art. 389, Sec. 1; *Gillan* v. *Metcalf*, 7 Cal. 138 ; *Swartz* v. *Hazlett*, 8 Id. 127, 128 ; *Little* v. *Harvey*, 9 Wend. 158.)  There is no such fact found.  The recital in a deed showing payment of the considera-

Colton *v.* Seavey.

tion is *prima facie* proof of the fact. (*White* v. *Miller*, 22 Vt. 380; *Glen* v. *Grover*, 3 Md. 212; *Jackson* v. *McChesney*, 7 Cow. 360; *Ayres* v. *McConnell*, 15 Ill. 230.) Though not conclusive so as to shut out proof of fraud. (*Evans* v. *Edmonds*, 24 Eng. Law and Eq. 227; *Spear* v. *Ward*, 20 Cal. 676.) Fraud must be proved (1 Story Eq. Sec. 190), and the want of a valuable consideration is not evidence of fraud. (Wood's Dig. 105, Art. 389, Secs. 1 and 107; Art. 411, Sec. 23; *Gillan* v. *Metcalf*, 7 Cal. 138, 139; *Swartz* v. *Hazlett*, 8 Id. 127, 128.)

There can be no fraud where there is no notice. (Wood's Dig. 107, Art. 412, Sec. 24; *Wyatt* v. *Barwell*, 19 Vesey, 437; *Jolland* v. *Stainbridge*, 3 Id. 485; *Dey* v. *Dunham*, 2 Johns. Ch. 182, 190, 191; *Berry* v. *Mutual Ins. Co.*, Id. 603; *Buckingham* v. *Frost*, 18 Johns. 562; *Jackson* v. *McChesney*, 7 Cow. 360; *Dennis* v. *Burritt*, 6 Cal. 673.) And there can be no notice where there is no title. (*Smith* v. *Brannan*, 13 Cal. 107.)

V. Should the Court reach the conclusion that the deed, Ex. No. 58, D. O. S., did operate to pass a title, still the plaintiff cannot recover, because the deed conveys a specific parcel of a common estate, and the tenants did not all join in the execution of it, and the defendant is seized as tenant in common of an estate in the whole ranch. (*Stark* v. *Barrett*, 15 Cal. 368; *Touchard* v. *Crow*, 20 Id. 162.) There is no proof of actual ouster of the plaintiff by defendant.

*F. D. Colton*, for Respondent.

I. The deed under which we claim is a warranty deed, and it does not matter whether the other persons executed it or not. A conveyance from several persons is the separate conveyance of each. It is not like a note or bond where each is bound for the whole amount. A conveyance of land by several persons conveys the title of all who execute and deliver it. (4 Pet. Abr. 612; *Jackson* v. *Stanford*, 19 Geo. 14; *Scott* v. *Whipple*, 5 Greenl. 336.)

II. Appellant claims as a subsequent purchaser, and in order to postpone the prior deed he must show that he is a *bona fide* purchaser for a valuable consideration. (Wood's Dig. 103, Art. 363.) No proof was made of any consideration paid. The recital in his

deed is no evidence of the payment of a consideration in this case. It is simply an admission made by a party after he had parted with his interest in the land, and could not affect a prior purchaser. (*Nolen* v. *Gwyn*, 16 Ala. 725 ; 5 Phillip's Ev. Cowen & Hill's Notes, 453, 454, note 251 ; *Penrose* v. *Griffith*, 4 Bin. 231 ; *Garwood* v. *Dennis*, Id. 332 ; *Widman* v. *Kohr*, 4 Serg. & R. 174.)

III.   Appellant claims that the deed to Barbara Ann Lewis is void on account of an error in the second course in the description of the land. The line is run " westerly " when it should be " northeasterly." The boundaries named in the deed are all well known, well defined points, and conspicuous objects. Monuments control courses and distances.   (*Stanley* v. *Green*, 12 Cal. 163 ; *Verguhart* v. *Barleson*, 6 Texas, 511 ; *Berry* v. *Wright*, 14 Id. 270 ; *Brown et al.* v. *Huger*, 21 How. 318 ; *Lamb* v. *Buchmiller*, 17 N. Y. 623 ; *Sawyer* v. *Kendall*, 10 Cushing, 246.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of a tract of land— part of the Rancho Laguna de San Antonio—in Sonoma County. The case was tried by the Court, who found for the plaintiff, and judgment was rendered accordingly ; from which, and from an order denying a new trial, the defendant appeals.

Both parties claim title under Bartolome Bojorques. It appears that on the twentieth day of November, 1851, he executed to José Geraldo Bojorques, and seven others, a deed for the eight-ninths of said rancho.   On the twenty-sixth day of June, 1852, José Geraldo Bojorques, Bartolome Bojorques, and the other grantees in the former deed, with their wives, executed a deed to Barbara Ann Lewis for a part of the rancho, including the premises in controversy, and the plaintiff claims his title under this deed.   On the seventh day of January, 1857, Bartolome Bojorques executed a deed to José Geraldo Bojorques for the undivided one-ninth of the above named rancho ; and on the same day the latter and his wife conveyed to Hamilton Gaston and eleven others the undivided one-ninth of said rancho, with this exception, " saving and excepting from this sale eight hundred and seventeen acres heretofore conveyed

Colton *v.* Seavey.

by the said parties of the first part." The defendant claims his title under one of the parties to this deed.

The defendant contends that the deed to Barbara Ann Lewis, under which the plaintiff claims, conveyed no title, and is inoperative and void against the defendant. It is objected that the evidence does not prove that more than five of the grantors executed it, and that unless all executed it, it is inoperative and void. Several cases are cited relating to the execution of bonds by several parties, but such cases have no application to conveyances. Even if the evidence had shown that this deed was executed by only a few and not all of the grantors named in it, we think it clear that it would be good as to those who did execute and deliver it, and sufficient to convey their interest in the property. (*Scott* v. *Whipple*, 5 Greenl. 336 ; *Jackson* v. *Stanford*, 19 Geo. 14.) It appears to have been properly acknowledged by all the grantors, before a Justice of the Peace, and the signatures of all, by their marks, appear to the deed, which shows that it was duly executed by all of them.

It is, however, objected that the land described in the deed then lay in Marin County ; that this acknowledgment was taken by a Justice of the Peace of Sonoma County, and therefore it affords no proof of the execution of the deed, and does not authenticate it so as to authorize its registry in Marin County. The one hundred and thirty-fifth section of the Act of 1851, respecting Courts of Justice (Stat. 1851, 29, 30), provides that the Judges of the Supreme and certain other Courts " shall have power in any part of the State, and Justices of the Peace within their respective counties," to take and certify " the proof and acknowledgment of a conveyance of real property, or of any other written instrument." It is contended that under this provision a Justice of the Peace could only take an acknowledgment of a conveyance of real property situated in the county where he held his office. In this the appellant is mistaken. We think the intention of the Legislature is clearly expressed, that a Justice of the Peace might take the acknowledgment and make his certificate thereof anywhere within the county where he held his office, without regard to the locality of the land conveyed, but that he could not, like the Judges of the other Courts, take and certify

such acknowledgments in other parts of the State outside of his own county.

In the deed to Barbara Ann Lewis, the first and second lines of the tract conveyed are described as follows : " Beginning at a stake near the old corral of José Jesus Lopez, running thence easterly to the head of the cañada, thence *westerly*, including the cañadas, to a stake, so that a line running from thence to the Dos Pedros will pass about two hundred yards from the present new corral of the said José Jesus Lopez," etc.   It seems that this second line, instead of being in a *westerly* course, is, in fact, about north-east, as shown by the natural landmarks stated in the deed, and that if this line was run a west course it would not include the premises in controversy.   The appellant contends that the description by course must govern.   It is clearly established that " when a deed of land describes the subject matter by monuments clearly identified, such as a river, a spring, a stream, a mountain, a marked tree, or other natural object, and courses, distances, and quantity are likewise inserted, which disagree with the monuments, the description by monuments shall in general prevail ; for it is more likely that a person purchasing or selling land should make mistakes in respect to course, distance, and quantity than in respect to visible objects, which latter, from being mentioned in the deed, are presumed to have been examined at the time."   (2 Phillips' Ev. C. H. and E.'s Notes, 783, note 520 : citing numerous cases.)   This rule applies to all objects visible, fixed, and clearly ascertained, such as the lands of other individuals or their corners, clearings, a stake, post, or stone, or a road.   (Id.)   So lines, corners, and stations actually run and marked will prevail over courses and distances.   (2 Hill. on Real Prop. 254 ; 2 Greenleaf's Cruise, 338.)   The evidence shows that the objects called for in the description of this second line are sufficient to control the course stated therein, and it should be construed accordingly.

The testimony of the witnesses Martin, Lewis, and Tustin, in explanation of the location of the objects set forth in the description of the several lines in this deed, was properly admitted.

The deed under which the plaintiff claims, having been executed prior to the one from the common grantor under which the defend-

Colton *v.* Seavey.

ant claims, it is urged that this prior deed cannot be attacked by the defendant without showing that he and those under whom he claims were *bona fide* purchasers, without notice, for a good and valuable consideration actually paid; and the defendant insists that the acknowledgment of the receipt of the purchase money in the deed, which is in the usual form, is sufficient evidence of the payment of such consideration. It is true that in some cases, between a certain class of parties, the ordinary acknowledgment in a deed of the receipt of the purchase money, is *prima facie* evidence of payment. But this rule does not apply to a case like the present. The plaintiff claims under a deed executed by Bartolome, José Geraldo Bojorques, and others, dated June 26th, 1852; Bartolome afterwards, on the seventh day of January, 1857, conveys the one-ninth of the ranch to José Geraldo, who, on the same day, makes a conveyance under which the defendant claims. Admitting that these latter deeds include the premises conveyed by the first, it follows that at the date of these last deeds neither Bartolome nor José Geraldo had any title which they could convey in the land described in the first deed. But if the defendant or his grantor purchased the property in good faith, without either actual or constructive notice of the prior deed, and for a good and valuable consideration actually paid, then in equity he has the better right. But he has no right to claim as against this prior deed until he proves those facts. The acknowledgment of the payment of the purchase money by the grantors in these subsequent deeds is no evidence of the fact as against those holding under the prior deed, because it is a mere declaration or admission made by the grantors after they had conveyed the property; and it is a rule of law well settled that such admissions or declarations are not admissible as evidence to defeat the rights of their vendee acquired under their prior deed. A contrary rule would enable a vendor or assignor to defeat the title of his own purchaser after he had parted with all his interest, which would enable them to perpetrate a fraud. (*Nolen* v. *Gwyn's Heirs*, 16 Ala. 725; *McGintry* v. *Reese*, 10 Id. 137; Willard's Equity, 256.) We are aware that there are some decisions which conflict with this view, but we are satisfied that the rule as thus laid down is correct upon principle. The deed from José Geraldo Bojorques,

under which the defendant claims, contains an exception which it would seem was intended to apply to the land the grantor had previously conveyed by the deed under which the plaintiff claims; at least no other deed was shown to which it could properly apply. If that was not the tract excepted, the defendant should have shown by proper evidence what tract it did apply to. It follows, therefore, that the tract described in the deed of June 26th, 1852, was not in fact conveyed by the subsequent deed made in 1857, but was excepted out. This deed of June 26th, 1852, appears to have been executed by all the owners, who were tenants in common, of the entire estate. The title of the plaintiff is not, therefore, an undivided interest or a tenancy in common. But even if it was, the defendant, as we have shown, acquired no title under his deed, and he was not therefore a tenant in common with the plaintiff, and it was not necessary to prove an actual ouster by the defendant.

We have carefully examined all the material questions raised by the appellant, and find no valid ground for disturbing the judgment, and it is therefore affirmed.