---

[No. 8,488. Department One.—November 6, 1884.]
## MARGARET C. WHEELER, RESPONDENT, v. JAMES R. BOLTON, APPELLANT.

PROBATE PROCEEDINGS—DESCRIPTION OF LAND IN DECREE OF DISTRIBUTION—EXTRINSIC EVIDENCE.—The description of land in a decree of distribution is not required to be so specific that the land can be identified without the aid of extrinsic evidence; nor is it material that the description be false in part, if what remains is sufficient for the purpose of identification.

APPEAL from an order of the Superior Court of the city and county of San Francisco, granting a new trial.

The action was brought to recover the value of certain real property, which had been devised to plaintiff by the will of her husband, and which she alleged became lost to the estate and to her, through the negligence of the defendant, executor of the will. A nonsuit was granted, which, on motion for a new trial, was set aside, and a new trial ordered. The remaining facts appear in the opinion of the court.

*Daniel Rogers,* for Appellant.

The decree of distribution was void for uncertainty. The plaintiff's right of action is based on the decree. ( *Wheeler* v.

*Bolton*, 54 Cal. 302; *Castro* v. *Richardson*, 25 Cal. 49; 2 Paine Cir. C. R. 209 ; C. C. P., § 471.)

A claim to land within the boundaries of the former pueblo of San Francisco, taken up under the statutes of this State, is void. (*Judson* v. *Malloy*, 40 Cal. 299; *Tremouth* v. *San Francisco*, 100 U. S. 251 ; *Elliott* v. *Figg*, 59 Cal. 117 ; *Dougherty* v. *Haggin*, 56 Cal. 523 ; 2 Am. Dec. 502 ; 5 Watts, 79.)

Parol evidence is not admissible to vary the terms of a writing. (*Estate of Garraud*, 35 Cal. 340, 24 Cal. 411 ; *Mesick* v. *Sunderland*, 6 Cal. 297; *People* v. *S. F. Savings Union*. 31 Cal. 132 ; C. C. P., § 1858.)

*Cope & Boyd*, for Respondents.

The decree of distribution was admissible in evidence. (*Huleik* v. *Scovil*, 4 Gilman, 168 ; *Estate of Toomes*, 54 Cal. 516 ; *Shephard* v. *McNeil*, 38 Cal. 72 ; *Burnett* v. *Whitesides*, 15 Cal. 35.)

There is no uncertainty about the description. (*Fish* v. *Hubbard's Adm'r*, 21 Wend. 651; *Ryerss & Co.* v. *Wheeler*, 22 Wend. 148; *Bruck* v. *Tucker*, 32 Cal. 425 ; *Allen* v. *Lyons*, 2 Wash. C. C. 475 ; *Riggs* v. *Myers*, 20 Mo. 239 ; 1 Redfield on Wills, 585; *Sanford* v. *Raikes*, 1 Mer. 646 ; 1 Jarman on Wills, 368.)

Where the meaning of an instrument is certain and intelligible, the object to which it is to be applied may be ascertained by extrinsic evidence. (*Case* v. *Yung*, 3 Minn. 209 ; *Morgan* v. *Burrows*, 45 Wis. 211.) The order of the probate court was final. (*Kellogg* v. *Johnson*, 38 Conn. 269; *Moreland* v. *Lawrence*, 23 Minn. 84.)

McKEE, J.—On the trial of this case the court excluded the testimony by which the plaintiff offered to maintain, on her part, the issues made by the pleadings in the case, and granted a nonsuit; but afterwards set aside the nonsuit, and ordered a new trial. From the order granting a new trial the defendant appeals. Presumptively, the order was correct. But the appellant contends that it is erroneous, because the evidence offered by the plaintiff to maintain her cause of action was clearly inadmissi-

ble for that purpose. The cause of action was this : On the seventh of September, 1850, William L. Carman died in the city of San Francisco, seized and in possession of a tract of land, described in the complaint by metes and bounds, containing 72 acres of land, situated in the city and county of San Francisco, near the Mission Dolores. At the time of his death Carman left a last will and testament, which was admitted to probate, and the defendant and one Theodore Adams were appointed executors of the will. As such they qualified and administered the estate, and, upon a settlement of their final accounts, the probate court, on the seventeenth of April, 1876, "adjudged and decreed that the real estate, as described in the inventory of said estate, and the account therein filed on the tenth day of June, 1852, be and the same is hereby distributed, to wit : Seventy-two (72) acres of land, situated at the Mission Dolores, to which the deceased held a pre-emption right, be, and the same is hereby, distributed to Margaret C. Wheeler, sole legatee, under and by virtue of the will of William L. Carman, deceased."

The descriptive clause of the decree contains the description of the land as it was inventoried and subsequently accounted for in one of the annual accounts of the executors. By the decree, the plaintiff claimed to be entitled, as sole distributee, to the tract of land as described in the complaint. But she charged that it had been lost to the estate and to her by the inexcusable negligence of the defendant, as one of the executors of the estate ; and therefore she sued to recover its value. In answer to her complaint, the defendant denied seizin or possession by the testators of the tract of land described in the complaint, knowledge or possession of it by the executors, or that they were chargeable therefor, and specifically denied all charges of negligence, etc. One of the questions, therefore, was whether the land described in the complaint was a part of the estate of the testator, which came to the knowledge and possession of his executors. Upon that question the plaintiff offered in evidence the decree of distribution, accompanying the order with the statement that she would follow it up by the oral testimony of witnesses, to the effect that the 72 acres of land, as described in the decree, were known as a tract of land bounded as set forth

in the complaint; that the testator died in the actual occupation of said tract; and that the defendant, as executor, took possession of the same as the property of the estate.

The decree constituted the basis of the plaintiff's right to recover. (*Wheeler* v. *Bolton*, 54 Cal. 302.) If it was void, the court properly excluded it as evidence. If it was valid, the court erred in excluding it, and the order granting a new trial was correct. It is not claimed that the court that rendered the decree has not jurisdiction to render it; but the contention is, that the description of the land attempted to be distributed by the decree did not attach to any particular tract of land, and that the land distributed is not the land described in the complaint. It is observable that the decree distributes to the plaintiff " seventy-two acres of land, situated at the Mission Dolores, to which the deceased held a pre-emption claim." In 1850 the pre-emption laws had not been extended over California; there could, therefore, have been no " pre-emption claim " to the land in a legal sense; but the term " pre-emption " was merely a false designation of a possessory right, which possessory right, at that time, under the laws of the State, was recognized as property, and the subject of sale, etc.

As a false designation, however, it does not prejudice the other particulars of the description. (Sub. 1, § 2077, Code Civil Proc.) The decree, therefore, distributed whatever interest the testator had in a tract of land containing " seventy-two acres, situated at the Mission Dolores, to which the testator had a pre-emption right." In itself, that would be considered insufficient to attach to any particular tract of land; but it is a description which may be capable of identification by extrinsic evidence. And, assuming that it was proved, as the plaintiff offered to prove, that the testator died in possession of seventy-two acres of land near Mission Dolores, to which he had, or claimed to have had, a possessory right, and that that land came to the knowledge and possession of the executors of his estate, and that it was inventoried and appraised as part of the estate, and accounted for by the executors in one of their annual accounts to the probate court, and that the land thus described and known is the identical land described in the complaint by metes and bounds—such proofs would go far towards rendering

certain the description of the land in the decree, and identifying it with the land described in the complaint. The evidence was therefore admissible. It is well settled, that when the meaning of a will or other written instrument is certain and intelligible, the subject or object to which it is to be applied may be ascertained by extrinsic evidence; and when so ascertained, will be taken as the meaning of the parties. (*Case* v. *Young*, 3 Minn. 209; *Morgan* v. *Burrows*, 45 Wis. 211; *Stanly* v. *Green*, 12 Cal. 148; *Bruck* v. *Tucker*, 32 Cal. 425.)

We think the court erred in excluding the evidence offered by the plaintiff, and that it properly ordered a new trial. Order affirmed.

McKINSTRY, J., and ROSS, J., concurred.

Hearing in Bank denied.