[Sac. No. 2079. In Bank.—July 6, 1914.]

## THOMAS JOYCE, Respondent, *v.* G. TOMASINI, Appellant.

SPECIFIC PERFORMANCE—AGREEMENT TO EXECUTE LEASE—ADEQUATE CONSIDERATION—JUST AND REASONABLE CONTRACT.—An executory agreement to execute a lease is in substance an agreement to grant an estate for years in land, and specific performance thereof cannot be enforced against a party, if he has not received an adequate consideration therefor, or if it is not as to him, just and reasonable.

ID.—PLEADING—FACTS SHOWING ADEQUATE CONSIDERATION AND JUST AND REASONABLE CONTRACT MUST BE ALLEGED.—In an action to specifically enforce such an agreement, the plaintiff, in order to allege a good cause of action, must set forth facts which show that the consideration provided for in the contract is adequate, and that the contract is just and reasonable to the defendant. A complaint which fails to state such facts does not state a cause of action to enforce the contract.

ID.—PLEADING SUCH CONCLUSION IN HAEC VERBA INSUFFICIENT.—The foregoing rule of pleading does not mean that it must be alleged *in haec verba* that the contract was supported by an adequate consideration, and is, as to the defendant, fair and just. The fact that the contract is such as will satisfy the conscience of the chancellor in these respects must appear from a proper statement of facts.

ID.—LIBERAL CONSTRUCTION OF COMPLAINT ON APPEAL—OBJECTION RAISED BY DEMURRER—REVERSAL OF JUDGMENT FOR SPECIFIC PERFORMANCE.—An appellate court should give the language of a complaint on this subject liberal construction in favor of the action of the court below, where it shows an attempt by the pleader to comply with this requirement; but where there is no attempt to state any facts at all, there being nothing more than an allegation of a legal conclusion that the contract was just and reasonable, and objection was properly raised by demurrer, a judgment for specific performance of the contract must be reversed.

Id.—Description of Land in Contract—Uncertainty Preventing Specific Performance—Bounding Land by Names of Individuals. In the absence of explanatory extrinsic facts, an executory contract to lease a specified acreage of tule land, which omits to show the state or county in which the land is situated, and which gives as the boundaries of the land the names of individuals, is so uncertain in its description of the land that specific performance of the agreement cannot be enforced.

Id.—Identifying Land by Extrinsic Evidence Overcoming Uncertainty.—Such uncertainty is overcome, when it is made to appear on the trial, by extrinsic evidence, that the defendant is the owner of a tract of tule land of the specified acreage, situated in the county in which the action was brought, which is bounded on the sides indicated in the contract by the lands of the individuals named.

Id.—Evidence Sufficient to Establish Identity of Land—Presumption of Identity.—It will not be presumed, for the mere purpose of nullifying the agreement, that there is another tract of tule land of the specified acreage, either in such county or elsewhere, that is bounded by other lands belonging to the same persons as are named. If such a coincident exists, it is incumbent on the defendant to plead and prove it. In the absence of such proof it will be presumed, upon the other facts shown, that these boundaries do identify the tract.

Id.—Uncertain Description of Right of Way—Description of Appurtenant Right of Way in Decree—Pleading Location and Description.—Such agreement is also indefinite and uncertain with regard to the exact location of a right of way agreed to be leased, where the same is described merely as "a right of way to said tule land." An existing right of way, appurtenant to the land, would pass with a conveyance thereof without special description. The plaintiff, however, if he prevailed in the action, would be entitled to have the right of way properly described in the lease executed under the order of the court, but to obtain such relief, should allege and prove extrinsic facts showing its location and description.

Id.—Identity of Corporation Designated by Wrong Name.—If a particular corporation, the owner of one of the adjoining tracts of land, was also known by a different designation used in the agreement, that fact should be alleged in the complaint.

Id.—Admissibility of Extrinsic Evidence to Identify Land.—In an action to specifically enforce such agreement evidence of extrinsic facts is admissible to identify and apply the description of the land.

Id.—Certainty as to Duration of Term and Time of Payment of Rent.—A statement in the agreement that the lease was to be "for a term of 3 years commencing Jan. 1912, at a rental of $200 per yr. paid in advance before taking possession," renders it sufficiently cer-

tain with respect to the duration of the term and the time of payment of the rent. Its effect in these particulars is that the term began January 1, 1912, and extended three years from that date, and that the first year's rent was to be paid when the lessee should take possession, and the subsequent rentals on the 1st of January of each subsequent year, and in advance.

Id.—Option to Purchase Land During Term—Failure to Designate Time for Making Deed—Covenants for Payment and Transfer of Property are Dependent.—Where such agreement gave the lessee an option, during the term, of buying the land at a stated price, but failed to fix the time for the making of the deed in case the option should be exercised, or to expressly declare that the lessor would execute a deed, the exercise of the option made the contract one for the sale of the land at the stated price, and, under section 1731 of the Civil Code, bound the seller to convey the title. The covenants to pay the price on the one hand and to transfer the property on the other, are dependent, and a conveyance would be due upon payment of the price.

APPEAL from a judgment of the Superior Court of Solano County. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

T. T. C. Gregory, and C. J. Goodell, for Appellant.

Lewis A. Hilborn, and Robert R. Moody, for Respondent.

SHAW, J.—The judgment was entered on June 6, 1912. The appeal therefrom was taken on June 21, 1912. The record includes a bill of exceptions setting forth the evidence and proceedings taken at the trial.

The complaint purports to state a cause of action to enforce specific performance of a contract to execute a lease. The findings are in favor of the plaintiff on all the issues. Judgment was rendered that the agreement be specifically enforced and that the defendant, on or before June 21, 1912, upon the payment to him by the plaintiff of two hundred dollars as rent, should, in compliance with the agreement, execute a formal lease of the premises, in form as set forth in the judgment, and substantially the same in terms as that provided for in the agreement sued on. It also declared that upon the receipt of the two hundred dollars, the defendant should deliver to the plaintiff the possession of the premises.

The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled and this is assigned as error. We think the demurrer should have been sustained. The contract is sued on as an executory agreement to execute a lease, in substance an agreement to grant an estate for years in the parcel of land. The object of the action is to enforce specific performance of this executory agreement. The Civil Code, following the settled doctrine of equity jurisprudence, declares that specific performance of an executory contract cannot be enforced against a party, if he has not received an adequate consideration therefor, or if it is not, as to him, just and reasonable. (Sec. 3391). It is well established as a rule of pleading in such cases, that the plaintiff, in order to allege a good cause of action, must set forth facts which show that the consideration provided for in the contract sought to be enforced is adequate, and that the contract is just and reasonable to the defendant. A complaint which fails to state such facts does not state a cause of action to enforce such contract. "This does not mean that it must be alleged *in haec verba* that the contract was supported by an adequate consideration, and is, as to the defendant, fair and just. These might be held insufficient, but the fact that the contract is such as will satisfy the conscience of the chancellor in the respects mentioned, must appear from a proper statement of facts." (*Stiles* v. *Cain*, 134 Cal. 172, [66 Pac. 231]. See, also, *Wait* v. *Kery etc. Co.*, 157 Cal. 25, [106 Pac. 98]; *Sunrise Land Co.* v. *Root*, 160 Cal. 97, [116 Pac. 72]; *Herzog* v. *Atchison etc. Co.*, 153 Cal. 496, [17 L. R. A. (N. S.) 428, 95 Pac. 898]; *Kaiser* v.  *Barron*, 153 Cal. 788, [96 Pac. 806]; *White* v. *Sage*, 149 Cal. 613, [87 Pac. 193]; *Flood* v. *Templeton*, 148 Cal. 374, [83 Pac. 148]; *Prince* v. *Lamb*, 128 Cal. 120, [60 Pac. 689]; *Arguello* v. *Bours*, 67 Cal. 447, [8 Pac. 49]; *Bruck* v. *Tucker*, 42 Cal. 354; *Agard* v. *Valencia*, 39 Cal. 292; *Boyd* v. *Warden*, 163 Cal. 157, [124 Pac. 841]; *Smiley* v. *Read*, 163 Cal. 644, [126 Pac. 486].)

The complaint does not purport to set forth any facts whatever on the subject. The only allegation concerning it is the bald statement "that said agreement, and the terms and conditions thereof, aforesaid, were and are, in all respects, just, fair, and reasonable between the parties thereto." This is in the precise form which was condemned as insufficient in the

passage above quoted. Doubtless the appellate courts should give the language of a complaint on this subject liberal construction in favor of the action of the court below, where it shows an attempt by the pleader to comply with this requirement. But here we have no attempt to state any facts at all—nothing more than the general language of the statute—a mere conclusion of law without facts to support it. The objection was presented by demurrer and was not waived at the trial. There is no escape from the conclusion that the complaint was insufficient and that the judgment must be reversed for that reason.

In view of the possibility of further proceedings below, it is proper to notice certain other objections urged against the validity of the agreement. The agreement itself is as follows:

"Suisun, Cal.

"Jan. 6, 1912.

"This is to certify that I—G. Tomasina—agrees to lease to Thos. Joyce 105 acres of tule land bounded by F. Chadbourne on S., Mrs. Payton on East; Oakland Club N. & W., and a right of way to said tule land for a term of 3 years commencing Jan. 1912, at a rental of $200. per yr paid in advance before taking possession, Thomas Joyce to have privilege of buying said land for $50.00 per acre, during the 1st year terms ½ cash, and bal in 1 yr at 6 per cent per annum, after 1st year Joyce is to have first privilege of buying tule land, terms to be ½ cash & bal in 1 yr at 6 per cent.

"Thomasina is to reserve the hunting privileges thro lease.

"Rec'd Paymt $1.00 on acct.

"G. TOMASINI."

In the absence of explanatory extrinsic facts, the description of the land to be leased would be so uncertain that performance of the agreement could not be enforced. The objects named as boundaries are the names of individuals, which is absurd. Furthermore, the agreement does not show the state or county in which the land is situated. But it appears that Tomasini was and is the owner of one hundred and five acres of tule land in Solano County, California, which is bounded south by the lands of F. A. Chadbourne, east by the lands of Mrs. L. S. Payton and on the north and west by the lands of the Suisun Gun Club. The evidence shows that the Suisun Gun Club was also known as the "Oakland Club." These facts remove the difficulty in identifying the land.

True, the names of the owners were used to designate the bounds instead of stating that the lands of the persons named constituted the boundaries, but this method of expression is not uncommon and is well understood. When used in the connection in which they appear in this agreement, the words could not reasonably be taken otherwise than as referring to the lands owned by the several persons named, respectively. (*Tibbetts* v. *Moore,* 23 Cal. 213; *Tredinnick* v. *Red Cloud etc. Mining Co.,* 72 Cal. 81, [13 Pac. 152] ; *Central Irrigation Dist.* v. *De Lappe,* 79 Cal. 355, [21 Pac. 825].) So understood, the description is sufficient to identify the land. The county and state is not given. But it further appears that the land, bounded as above stated, is in Solano County, California. It will not be presumed, for the mere purpose of nullifying the agreement that there is another tract of 105 acres of tule land, either in Solano County or elsewhere, that is bounded by other lands belonging to the same persons as are named. If such an extraordinary coincidence does exist, it is incumbent on the defendant to plead and prove it. In the absence of such proof it will be presumed, upon the other facts shown, that these boundaries do identify the tract of land in question.

The agreement is indefinite and uncertain with regard to the exact location of the right of way. The complaint contains no allegation to remove this defect. It may be that this ambiguity can be cured by a showing of extrinsic facts, if the complaint be amended. If it is made to appear that there was at that time a way rightfully in use for access and egress to and from this land, running from the county road "No. 480" to a point on the tract of land to be leased, such way would be appurtenant to the land and would pass with a conveyance of the land without special description. The plaintiff would be entitled to have such way properly described, however, if he demands it, in a lease executed under an order of the court if he should finally prevail in the action. But in order to entitle him to such relief, it is necessary that he should lay the foundation therefor by alleging and proving extrinsic facts showing the location and description of the right of way. The complaint should also have alleged that the Suisun Gun Club, the owner of one of the adjoining tracts of land, was also known as the "Oakland Club," the designation used in the agreement aforesaid.

Upon these points the rule allowing testimony of extrinsic facts to identify and apply the description of land in a written contract is well stated by Justice Field in *Stanley* v. *Green,* 12 Cal. 148, 162, as follows: ''That the evidence of the circumstances under which the deed was executed is admissible, does not admit of a question. · These circumstances place the court in the position of the parties, and enable it to interpret intelligently the language used by them. It is not to contradict or vary the terms. of the instrument, that the evidence is received, but to apply them to the subject matter. For this purpose, extrinsic evidence must be admissible in the interpretation of every instrument; and the law will not declare the instrument void for uncertainty, until it has been examined with all the light which contemporaneous facts may furnish. If these render the intention clear, and the words of the instrument are, by fair rendering, susceptible of a construction to uphold such intention, then they will be so construed, and the instrument enforced.'' This rule has been frequently applied in this state. (*Marriner* v. *Dennison,* 78 Cal. 207, [20 Pac. 386] ; *Jenny Lind Co.* v. *Bower,* 11 Cal. 198; *Kimball* v. *Semple,* 25 Cal. 449; *Hancock* v. *Watson,* 18 Cal. 139; *Colton* v. *Seavey,* 22 Cal. 503; *Reamer* v. *Nesmith,* 34 Cal. 626; *Piper* v. *True,* 36 Cal. 615; *Sprague* v. *Edwards,* 48 Cal. 249; *Truett* v. *Adams,* 66 Cal. 222, [5 Pac. 96] ; *Wheeler* v. *Bolton,* 66 Cal. 86, [4 Pac. 981] ; *Preble* v. *Abrahams,* 88 Cal. 251, [22 Am. St. Rep. 301, 26 Pac. 99] ; *Towle* v. *Carmelo,* 99 Cal. 398, [33 Pac. 1126] ; *McCullough* v. *Olds,* 108 Cal. 532, [41 Pac. 420] ; *Best* v. *Wohlford,* 144 Cal. 738, [78 Pac. 293] ; *Burton* v. *Mullenary,* 147 Cal. 259, [81 Pac. 544].)

The agreement gives the duration of the term and the time of payment of the rent with sufficient certainty. Its effect in these particulars is that the term began January 1, 1912, and extended three years from that date, and that the first year's rent was to be paid when the lessee should take possession, and the subsequent rentals on the first of January of each subsequent year, and in advance. The agreement does not fix the time for the making of the deed in case the option should be exercised, nor does it expressly declare that the defendant will execute a deed. But the contract, in that event, would become an agreement to sell the land for the stated price, and by section 1731 of the Civil Code, such an agreement binds

the seller to convey the title.   In the absence of anything appearing to the contrary, covenants to pay the price on the one hand and to transfer the property on the other, are deemed to be dependent, and a conveyance would be due, in this instance, upon payment of the price.   (1 Sugden on Vendors, bottom p. 239.)   We do not deem it necessary to notice any other points urged in the briefs.

The judgment is reversed.

Melvin, J., Angellotti, J., and Sloss, J., concurred.

Rehearing denied.