[L. A. No. 6930. In Bank.—January 5, 1923.]

## CORA LEE BAKER et al., Respondents, v. ORRILLA Z. MILLER, Appellant.

[1] SPECIFIC PERFORMANCE — CONTRACT FOR DIVISION OF ESTATE — PLEADING — ADEQUACY OF CONSIDERATION — FAIRNESS OF CONTRACT —INSUFFICIENT COMPLAINT.—In an action for the specific performance of a contract for the division of an estate, the complaint fails to state a cause of action where the only averment as to the adequacy of the consideration and the fairness of the contract is that "at or about the date of the contract the estate of said deceased was of the appraised value of $22,753, and said contract was in all respects just and fair and liberal in its provisions in favor of said defendant."

[2] ID.—INSUFFICIENT COMPLAINT — ANSWER AND TRIAL — APPEAL — CONSTITUTIONAL LAW.—In view of the constitutional inhibition that no judgment shall be set aside for any error as to any matter of pleading, unless after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice, a judgment for the plaintiff in an action for specific performance of a contract will not be reversed for error in failing to sustain a general demurrer to the complaint which failed to sufficiently allege the adequacy of the consideration and the fairness of the contract, where after the demurrer was overruled, the defendant answered the defective averment and the greater part of the testimony was directed in support of the denial therof.

[3] ID. — CONTRACT FOR DIVISION OF ESTATE — CONVEYANCE OF REAL PROPERTY—INABILITY TO SECURE TITLE—CONSTRUCTION OF PROVISION.—An added paragraph to an executed contract for the division of an estate to the effect that if the title to the real property that one of the parties was to receive was not secured for her as provided in the contract she should be paid in lieu of the property seventeen hundred dollars out of the insurance policies, did not make it optional with the other party to pay such sum instead of conveying the property, but the latter was obligated to do all within her power to secure the title and make the conveyance.

[4] ESTATES OF DECEASED PERSONS—CONTRACT FOR DIVISION OF ESTATE—RIGHT OF ADMINISTRATOR—CONSTRUCTION OF CODE.—Section 1576 of the Code of Civil Procedure providing that no executor or administrator must, directly or indirectly, purchase any property of the estate he represents, nor must he be interested in any sale, does not prevent heirs making a contract for the division of the estate even though one of them is also the administrator, such section being only declaratory of the principle of law existing before its enactment, that a trustee must not deal with himself.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the Court.

Kemp & Clewett for Appellant.

Geo. E. Cryer for Respondents.

WASTE, J.—The defendant appeals from a judgment and decree in specific performance.

Plaintiff alleged and the court found that Art O. Miller died intestate, leaving an estate in the county of Los Angeles

consisting of real and personal property. Cora Lee Baker (who has since married, and whom we will refer to as the "plaintiff"), was the surviving widow, and the defendant, Orrilla Z. Miller, was the surviving mother of said deceased. They were his sole heirs at law. In due time plaintiff was appointed and qualified as administratrix of the estate. The defendant, who was the principal creditor of the deceased, filed claims against his estate approximating eight thousand five hundred dollars. She also held a second lien upon certain of the real property, which appears to have been the home of the decedent and the plaintiff. The deceased was further indebted to the defendant for other sums of money, to secure the payment of which he had during his lifetime assigned certain policies of life insurance.

Before the filing of an inventory and appraisement of the estate the plaintiff and defendant entered into a written contract, by the terms of which plaintiff agreed to at once resign as administratrix of the estate, in favor of O. A. Miller, son of the defendant, and to request and secure his appointment as administrator of said estate. By the terms of the agreement plaintiff was to receive the sum of one hundred dollars as her commissions as administratrix of the estate to the date of the contract, and the sum of five hundred dollars in cash, and the real property hereinbefore mentioned, together with certain personal property, defendant to release the real property from her indebtedness, and to reduce the first lien thereon to the sum of one thousand dollars, the defendant thereupon to receive the rest, residue and remainder of the estate. Plaintiff also agreed to assist the defendant "in all respects in and by the exercise of her rights as widow and heir of said deceased in all the steps in the proceedings advised and desired to be taken in the administration of the estate," and stipulated that defendant might hold as security for the performance of the agreement the policies of insurance assigned by the deceased to the defendant as collateral security for the indebtedness already mentioned. In pursuance of this agreement the plaintiff filed an inventory and appraisement of the estate and resigned as administratrix, the son of the defendant being appointed in her place.

Plaintiff performed all the conditions of the contract on her part to be performed. The defendant did not pay the five hundred dollars in cash, .did not reduce, or offer to re-

duce, the mortgage on the real property, did not convey, or offer to convey, the title thereto to the plaintiff; but, on the contrary, she caused the property, which had in the meantime been set aside to the plaintiff as a probate homestead, to be sold under the terms of her trust deed for the alleged nonpayment of the indebtedness secured thereby. She purchased the property at the trustee's sale for the sum of three hundred dollars, and thereupon proceeded to evict plaintiff's tenant in possession. This real property has since been sold by the agreement of the parties, and the proceeds of the sale deposited in court, pending the determination of this action.

Defendant alleged and sought to prove that she was induced to enter into the contract through the false and fraudulent representations of the plaintiff, and that by reason of the insolvency of the deceased his estate was in that condition which rendered the contract without consideration. It appeared that the negotiations between the plaintiff and the defendant were mainly conducted by an attorney of the defendant's own choosing, who continued to act as the legal adviser of the substituted administrator. The plaintiff, so the trial court found, was inexperienced in matters of business, and had practically no knowledge of the affairs of her deceased husband's estate, and the defendant and her son, O. A. Miller, were at all times better informed than plaintiff as to the condition and value of the estate, and the defendant was not induced to enter into the contract by any misrepresentations or fraud on the part of the plaintiff. As to the alleged insolvency of the estate, it appears that the business affairs of the decedent at the time of his death were very much involved. There is considerable testimony from which the defendant argues that the estate was insolvent. The trial court found to the contrary and we think the evidence sustains the finding.

[1] Appellant contends that the complaint fails to state a cause of action, in that there is no allegation of fact tending to show that the consideration provided for in the contract sought to be enforced is adequate, or that the contract is just and reasonable to the defendant. The only averment in that connection is that "at or about the date of the contract the estate of said deceased was of the appraised value of $22,753, and said contract was in all respects just and fair and liberal in its provisions in favor of said defendant." Aside from

the statement of the value of the estate, there is not here any attempt to state facts at all—nothing more than the general language of the statute, which amounts to a mere conclusion of law without facts to support it. (*Joyce* v. *Tomasini*, 168 Cal. 234, 237 [142 Pac. 67]; *Stiles* v. *Cain*, 134 Cal. 170, 172 [66 Pac. 231].) If it be contended that the statement of facts in the complaint, including the contract, set out in exact words, together with an allegation of the appraised valuation of the estate, constitute an inferential averment not amounting to an absolute want of facts, the cases relied upon to support the complaint are not in point. They merely hold that if "no demurrer is interposed, the pleading will be held good after° judgment." (*Estate of Behrens*, 130 Cal. 416, 418 [62 Pac. 603, 604].) Viewed as a whole, we feel there is no escape from the conclusion that the complaint is insufficient and the general demurrer interposed by the defendant should have been sustained. [2] We are not inclined, however, to reverse the judgment for that reason. Whether the defendant called the attention of the court below to the infirmity of plaintiff's complaint, or only demurred as a matter of form, does not appear. After the demurrer was overruled, however, she answered, denying generally and specifically the averment of the complaint attempting to allege the adequacy of the consideration and the fairness of the contract. The greater part of the testimony was directed in support of her contention that the consideration was inadequate and that as to her the contract was unjust. The trial court found that the defendant could fulfill the contract mentioned in plaintiff's complaint, and that the aggregate amount to be paid by defendant for the right acquired by her under the contract would not exceed two thousand dollars. The plaintiff relinquished absolutely all claims to the estate of her deceased husband, in return for the homestead, with its encumbrances reduced to the amount specified in the agreement, and a few articles of personal property. She released her claim to the further fees of herself and her attorney for administering the estate; relinquished her right for a family allowance, and for an order setting apart to her all of the personal property of the estate exempt from execution, including the proceeds of certain of the insurance policies on the life of the decedent, provided the annual insurance pre-

miums paid thereon did not amount to more than five hundred dollars. The estate was not insolvent. With all of the evidence before it, the trial court found that the contract between the parties was fair and just and liberal in its provisions in favor of the defendant. The evidence, we think, amply supports the findings.

The case presented is one which falls squarely within the constitutional inhibition that no judgment shall be set aside for any error as to any matter of pleading, unless after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.

Two other points relied upon by the appellant for a reversal were satisfactorily disposed of by the district court of appeal of the second appellate district, division two, as follows:

[3] "After the principal contract was signed, it appears from a copy of the contract set forth in the complaint that the parties added a further paragraph and appended their signatures thereto. It is claimed that this addenda to the contract makes it optional with defendant to pay plaintiff $1,700 instead of conveying the real property in question and otherwise carrying out the provisions of the main contract. The added paragraph is to the effect that 'if the title thereto is not secured for her [plaintiff] as herein provided she shall be paid for or in lieu of said lot and premises $1,700 out of the two said insurance policies,' etc. We do not think this stipulation was intended to relieve defendant of the obligation of doing all that might be in her power to secure title to the lot and then conveying it to plaintiff. The fair construction of the language employed is that defendant should pay plaintiff $1,700 in the event of being unable to obtain clear title.

[4] "Defendant also contends that this contract is void under the provision of section 1576 of the Code of Civil Procedure which reads: 'No executor or administrator must, directly or indirectly, purchase any property of the estate he represents, nor must he be interested in any sale.' The case of *O'Connor* v. *Flynn*, 57 Cal. 293, and others cited by appellant are not in point. They are instances of an administrator buying property of the estate. The rule against such conduct does not prevent heirs making a contract for

the division of the estate even though one of them is also the administrator. This section. of the Code of Civil Procedure is only declaratory of the principle of law existing before its enactment, that a trustee must not deal with himself. (*Burris* v. *Adams et al.*, 96 Cal. 664 [31 Pac. 565].)''

The judgment is affirmed.

Shaw, C. J., Wilbur, J., Ward, J., Lawlor, J., and Lennon, J., concurred.