[Civ. No. 5583. First Appellate District, Division Two.—December 29, 1926.]

## C. E. WALKER, Respondent, v. MARY KINSEY CLARK, Appellant.

[1] PLEADING—ANSWER—ALLEGATIONS SUPPORTED BY UNCONTRADICTED EVIDENCE—FINDINGS.—Where allegations in the answer are supported by evidence which is uncontradicted, defendant is entitled to a finding that such allegations are true.

[2] SPECIFIC PERFORMANCE—ADEQUACY OF CONSIDERATION—PLEADING—EVIDENCE.—In an action for specific performance, plaintiff must under section 3391 of the Civil Code, both plead and prove adequacy of consideration as to the party against whom specific performance is sought.

[3] APPEAL—FINDINGS—SUPPORT OF JUDGMENT—PLEADING—DEMURRER. Where the findings are in the language of the pleading and de-

1.  See 24 Cal. Jur. 935.
2.  See 23 Cal. Jur. 493; 25 R. C. L. 331.

fendant did not have opportunity to demur, the question of the sufficiency of the findings to support the judgment can be considered by the appellate court in the same view as a trial court would consider a demurrer to a complaint for failure to state sufficient facts.

[4] SPECIFIC PERFORMANCE—EXCHANGE OF REAL PROPERTY—CONSIDERATION—FINDINGS—EVIDENCE—ERROR.—In an action for the specific performance of a contract for the exchange of real property, the failure of the trial court to find in accordance with the uncontradicted evidence disclosing an inadequacy of consideration is prejudicial error.

[5] ID. — PLEADING — EVIDENCE — SUPPORT OF FINDINGS—APPEAL.—In such action, where the adequacy of consideration was not pleaded and the trial court failed to find on that issue, the appellate court may properly assume that the evidence was insufficient to support such a finding.

[6] ID. — JUDGMENTS — APPEAL. — In such action, a finding as to the adequacy of consideration was a necessary and essential prerequisite to a judgment in specific performance, and the absence of such finding requires a reversal of the judgment.

(1) 23 C. J., p. 47, n. 30.   (2) 36 Cyc., p. 776, n. 62.   (3) 4 C. J., p. 775, n. 47.   (4) 4 C. J., p. 1059, n. 99.   (5) 4 C. J., p. 777, n. 61.   (6) 4 C. J., p. 1166, n. 83.

APPEAL from a judgment of the Superior Court of Orange County. F. C. Drumm, Judge. Reversed.

The facts are stated in the opinion of the court.

Schenk & Kittrelle and Richard Kittrelle for Appellant.

Charles D. Swanner and Roland Thompson for Respondent.

NOURSE, J.—Plaintiff sued for the specific performance of a written contract for the exchange of real property and for damages in the sum of six hundred dollars ($600). Plaintiff had judgment decreeing a performance of the contract as prayed and awarding him six hundred and twenty-seven dollars and thirty-three cents ($627.33). From this judgment the defendant has appealed on a typewritten record.

4. See 23 Cal. Jur. 503.

By the terms of the contract the plaintiff agreed to transfer to the defendant property which he represented to be of the value of ten thousand dollars ($10,000), and the defendant agreed to transfer to the plaintiff property which she represented to be of the value of eighty-five hundred dollars ($8,500). The plaintiff agreed to assume a mortgage of one thousand three hundred and seventy dollars ($1,370) which was outstanding upon the defendant's property, and the defendant agreed to place upon plaintiff's property, after the transfer, a mortgage of two thousand eight hundred and seventy dollars ($2,870) which was to be delivered to plaintiff.

[1] The appellant complains that the findings made by the trial court are not supported by the evidence. Particular criticism is directed to the finding that all the allegations in the amended answer are untrue. Appellant correctly states that in some instances the allegations of her amended answer were supported by evidence which was without contradiction and which required a finding favorable to her. She points out that in her amended answer she alleged that Sweetzer and Wallace were acting as agents of the plaintiff and that the truth of this allegation was shown by the testimony of the respondent and that of the two agents mentioned. No evidence appears to the contrary and appellant was entitled to a finding that the allegation was true.

The trial court found that the reasonable market value of appellant's property at the time of the agreement was the sum of seven thousand dollars ($7,000), and this finding is complained of because the only evidence in the record on which a finding of the market value of that property could have been based showed that its market value at the time of the agreement was between seventy-five and eighty-five hundred dollars. The same criticism is directed to the finding that the allegation in paragraph 5 of defendant's amended answer is untrue. It was there alleged that the property which plaintiff agreed to exchange to the defendant was not reasonably worth ten thousand dollars ($10,000), as represented by him. Though the trial court held that this allegation in the amended answer was not true, it at a later time found that the reasonable value of the plaintiff's property was only eighty-five hundred dollars ($8,500). The trial court found that there was no misrepre-

sentation, fraud, or deceit on the part of plaintiff or anyone acting in his behalf, and also found that if any such misrepresentation, fraud, or deceit was practiced upon the defendant she did not rely upon it because she had an opportunity, either personally or through her husband, to make a full and complete investigation. The findings referred to are open to the criticism directed by the appellant in each instance and the inconsistency between the two findings on the issue of misrepresentation, fraud, or deceit seems the more apparent and important to the appellant from what is hereafter said.

[2] The more serious question presented on this record is the failure of the plaintiff to plead and prove adequacy of consideration to the defendant and the failure of the trial court to find on that issue. The rule is statutory. Section 3391 of the Civil Code provides that "Specific performance cannot be enforced against a party to a contract in any of the following cases: 1. If he has not received an adequate consideration for the contract; 2. If it is not, as to him, just and reasonable." In *Morrill* v. *Everson,* 77 Cal. 114, 116 [19 Pac. 190], the supreme court, in reference to this section, said: "Here the inadequacy of consideration seems to be mentioned as a distinct ground from the injustice and unreasonableness; and the provision seems to be explicit and absolute." The necessity of pleading and proving adequacy of consideration as to the party against whom specific performance is sought has been repeatedly determined. (*Joyce* v. *Tomasini,* 168 Cal. 234, 237 [142 Pac. 67]; *Haddock* v. *Knapp,* 171 Cal. 59, 62 [151 Pac. 1140]; *Salisbury* v. *Yawher,* 184 Cal. 783, 795 [195 Pac. 682]; *Baker* v. *Miller,* 190 Cal. 263, 267 [212 Pac. 11].)

To meet the demands of the statute the original complaint alleged that the agreement "was and is a just and reasonable contract . . . that the exchange therein agreed to be made . . . was a reasonable and fair exchange . . . and said contract at the time of its execution was, and is now a just, equitable and reasonable contract." The pleading is in almost the same language as that which was condemned as insufficient in *Joyce* v. *Tomasini,* 168 Cal. 234, 237 [142 Pac. 67], and in many of the cases therein cited.

The cause went to trial upon this complaint and at the close of plaintiff's case defendant moved for a nonsuit, giving

as reasons therefor the failure of the plaintiff to show that the contract was fair and reasonable or that the value of the property sought to be transferred to her was an adequate consideration for her property. In support of the motion section 3391 of the Civil Code was cited. The attention of the plaintiff was thus called to his failure to show adequacy of consideration as well as justness and reasonableness of the contract, but the motion for a nonsuit was denied without argument. On July 1, 1924, about six months after the trial of the case, findings of fact and conclusions of law were filed and on the same day plaintiff filed what is designated as an amended complaint, filed to conform with the proof, wherein it was alleged that the reasonable market value of the property which he proposed to transfer to the defendant was $8,500 and that the reasonable market value of the property which the defendant proposed to transfer to him was $7,000; that defendant's property was subject to a mortgage of $1,370 which the plaintiff agreed to assume and that the defendant agreed to place a first mortgage on the property which she acquired from the plaintiff in the sum of $2,870. Following this appear the same allegations as to the justness and reasonableness of the contract as appeared in the original complaint, but in neither case do we find any allegation relating to the adequacy of the consideration or the other elements mentioned in section 3391 of the Civil Code.

[3] We have called attention to the fact that the amendment to the complaint was filed on the same day as the findings were filed for the purpose of explaining defendant's failure to demur thereto. The findings were in the language of the amended pleading and the question is, therefore, whether the findings support the judgment. As the defendant did not have an opportunity to demur, this question is to be considered by us in the same view as a trial court would consider a demurrer to a complaint for failure to state sufficient facts. We are not, therefore, concerned with the question of the sufficiency of the pleading, but with the question of the sufficiency of the findings to support the judgment, and consequently the case is not controlled by the rule of *Estate of Behrens,* 130 Cal. 416, 418 [62 Pac. 603], and similar cases holding that where no demurrer is interposed the pleadings will be held good after judgment.

[4] By the express terms of the code a party is not entitled to the specific performance of a contract unless he shows that the consideration therefor is adequate to the other party and that as to him it is just and reasonable. Conceivably a contract may be just and reasonable, though it may not carry an adequate consideration to one of the contracting parties and it is just as important to prove one of these elements as to prove the other. If the question had arisen before the trial court on a demurrer to the amended complaint which was filed to conform to the proofs, the fact that the amendment failed to plead the uncontradicted evidence affirmatively showing an inadequacy of consideration would have required an order sustaining the demurrer. With the question as it is presented here we must say that the failure of the trial court to find in accordance with this uncontradicted evidence disclosing an inadequacy of consideration was error prejudicial to the defendant.

Thus, though we assume that the evidence was insufficient to support a finding of misrepresentation on the part of the plaintiff or his agent, there can be no doubt that the uncontradicted evidence did disclose that there was concealed from the defendant the fact that the plaintiff's property required an annual outlay for upkeep of over $800 above all possible income. The value of plaintiff's property was represented to be $10,000 and on that basis the defendant agreed to execute a mortgage in plaintiff's favor for $2,870. Manifestly, a mortgage of this amount is a greater burden against a property valued at $8,500 than it is against a property valued at $10,000. Evidence was offered that representations were made to the defendant that she might easily retire this mortgage through the income from the property. The evidence demonstrated that this could not be done because the annual income from plaintiff's property was some $800 less than the cost of upkeep. Since the annual income of defendant's property was more than $500 above the cost of upkeep, the inadequacy of the consideration moving to the defendant is apparent.

[5] There has been no departure from the rule that it is necessary to plead sufficient facts to show that the consideration for the contract was adequate and that the burden of proving that issue is upon the party who would have the contract enforced. Where the fact is not pleaded and the

trial court has failed to find on the issue it is proper to assume that the evidence was insufficient to support such a finding, and it is therefore unnecessary for us to give any further consideration to the evidence in this record. [6] As the finding is a necessary and essential prerequisite to a judgment in specific performance, the absence of the finding requires a reversal of the judgment.

Judgment reversed.

Preston, P. J., *pro tem.*, and Sturtevant, J., concurred.