[Civ. No. 8399. First Appellate District, Division Two.—April 5, 1932.]

ELLA M. RITTIGSTEIN, Appellant, v. M. H. DIGNAN, Respondent.

358

Roy L. Daily for Appellant.

Sullivan, Roche, Johnson & Barry for Respondent.

NOURSE, P. J.—Plaintiff sued for the specific performance of a contract to sell real property. Defendant had judgment, from which the plaintiff has appealed on typewritten transcripts.

The contract was in writing upon a form generally used by members of the San Francisco Real Estate Board. When presented to the defendant for signature it read (in part): "Received from Bruce Painter, hereinafter designated as the purchaser, the sum of Five Hundred ($500.00) Dollars being deposited on account of Twenty Thousand ($20,000:00) Dollars lawful money of the United States of America, the purchase of the following described property in the City and County of San Francisco, . . . Subject to: Bank loan of twelve thousand ($12,000.00) Dollars to one subsisting lease, etc." Before signing the contract the defendant

drew a line in ink through the words and figures ''twenty thousand ($20,000.00) Dollars'' and inserted the figures ''$21,000.00'' and then added after the word ''dollars'' the words ''net cash to be paid to seller''. The contract, as thus altered, was then presented to the purchaser, who gave his approval and deposited the sum of $9,000, which he claimed to be the full purchase price upon the assumption of the bank loan of $12,000. The defendant refused to accept the payment and refused to go further with the contract upon those terms. His claim was that the words ''net cash to be paid to seller'' meant that he was to receive $21,000 in cash and that the purchaser was to assume the bank loan and all other encumbrances to which the sale was specially made subject. The purchaser thereupon assigned his interest to the plaintiff, who brought this action.

■ The judgment must be affirmed. First, because the complaint does not state facts sufficient to constitute a cause of action in that it does not state any facts showing that the consideration was adequate or that the contract was just, fair and reasonable as to the respondent. (Sec. 3391, Civ. Code; *Joyce* v. *Tomasini*, 168 Cal. 234, 237 [142 Pac. 67]; *Salisbury* v. *Yawger*, 184 Cal. 783, 795 [195 Pac. 682]; *Miller* v. *Gusta*, 103 Cal. App. 32, 35 [283 Pac. 946]; *Walker* v. *Clark*, 80 Cal. App. 520, 523 [252 Pac. 334].) ■ Notwithstanding this defective pleading, evidence was taken on the subject and the trial court found that the price of $21,000 was not a fair or reasonable value of the property described and that the contract as construed by the court, in harmony with respondent's contention and calling for the payment of $21,000 in addition to the bank loan of $12,000, was ''fair, just and reasonable in all its parts, but said sum of $21,000 is not now and was not at the time mentioned in said complaint an adequate price for said property not subject to the mortgage thereon''. This finding, supported as it is by conflicting evidence, does not present a debatable question on this appeal.

■ Second, because it is a fundamental principle respecting the remedy of specific performance that the contract must be certain in its terms—as to the subject—as to the consideration. (25 R. C. L., pp. 17, 18.) The construction of the contract contended for by appellant was rejected by the trial court upon evidence which fully supports the

trial court's finding. The most that can be said of appellant's case is that it is one in which there may be some uncertainty as to the true intentions of the parties as expressed in the contract sought to be enforced. This factor demonstrates the inequity of appellant's cause, for to enforce a contract which the trial court finds one of the parties did not intend to make would not be equitable. And the equities of enforcement are addressed to the discretion of the chancellor.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.