[L. A. No. 2901.   Department Two.—June 19, 1912.]

## L. AGNES BOYD, Respondent, v. JULIA P. WARDEN, et al., Appellants.

SPECIFIC PERFORMANCE—AVERMENT OF ADEQUACY OF CONSIDERATION.—
In an action by a vendee for the specific performance of a contract
for the sale of land, the adequacy of the consideration for the con-
tract, to meet the requirements of section 3391 of the Civil Code,
need not be averred *in haec verba*. It is sufficient if the complaint
alleges that the value of the land at the time of the making of the
contract did not exceed the sum agreed to be paid therefor.

ID.—ACKNOWLEDGMENT OF PART PAYMENT IN CONTRACT—EVIDENCE TO
CONTRADICT—REAL PROPERTY TAKEN AS PAYMENT.—In such action,
where the contract acknowledged the receipt of a large portion of
the purchase price, and the payment of many monthly installments
subsequently accruing were accepted without question, the vendor
cannot, in the absence of an averment of fraud, question the amount
of the payment acknowledged by the contract, by showing that it
was represented by a lot conveyed by the vendee to the vendor of
a value much less than the amount acknowledged.

ID.—SECONDARY EVIDENCE OF CONTENTS OF LETTER—IMMATERIAL ERROR.
The admission of secondary evidence of the contents of a letter
written by the vendee to the vendor, tendering the balance of the
purchase price, without first making a demand on the vendor to
produce the letter, is without prejudice to the vendor, if the receipt
of the letter was denied under oath.

ID.—EVIDENCE SHOWING WAIVER OF FORFEITURE—OFFER TO DISCOUNT
BALANCE OF PURCHASE PRICE.—In such action, where the vendor
claims a forfeiture of the contract by reason of default in the
payment of the installments of the purchase price, evidence of an
offer made by an agent of the vendor, prior to the alleged default,
to discount the balance due for an immediate payment, is admis-
sible as showing the course of dealings between the parties, and
as furnishing a reason for the vendee's belief that a subsequent
written offer made in good faith to pay the balance was being
considered by the vendor.

ID.—EVIDENCE TO GIVE DEED UPON ENHANCED PAYMENT.—Evidence of
an offer made by such agent, after the alleged default, to give the
vendee a deed upon payment of an amount in excess of the balance
due on the contract, is admissible as an indication that the vendor
did not consider the contract as being at an end.

ID.—CONDUCT OF VENDOR—WAIVER OF FORFEITURE—ACTUAL FRAUD NOT
NECESSARY.—In the present case, it is held that the conduct of
the vendor, although not amounting to actual fraud, excused the

vendee's delay in tendering the balance due under the contract, and operated as a waiver of the right of the vendor to claim a forfeiture of the contract.

APPEAL from a judgment of the Superior Court of the County of Los Angeles. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Julia P. Warden, and C. D. Warden, *in pro. per.,* for Appellants.

Constan Jensen, and Moore & Evans, for Respondent.

MELVIN, J.—Plaintiff sued to enforce specific performance of a contract for the conveyance of real property. Defendants appeal from a judgment against them on the ground that it is not supported by the evidence, and they appeal generally from an order denying their motion for a new trial.

The contract was signed by plaintiff and by Julia P. Warden. Defendant C. D. Warden is sued as the husband of the latter. By the terms of the instrument Julia P. Warden agreed, upon full payment of the purchase price of the property described therein, to convey it by a good and sufficient deed of grant, to L. Agnes Boyd, and to furnish a certificate by a certain abstract company showing the title to be vested in said Julia P. Warden. By the contract the vendor acknowledged the receipt of $285 and the vendee agreed to pay ten dollars on the first of each month beginning with November, 1907, until the full sum of $215 should be paid, with interest at the rate of six per cent per annum, payable quarterly. Time was made of the essence of the contract which provided that, in the event of failure by the vendee to comply with the terms thereof the vendor should be "released from all obligations in law and equity to convey said property" and the vendee should "forfeit all right thereto and all money theretofore paid under the contract." The evidence showed that various amounts of principal and interest were paid by L. Agnes Boyd, seldom upon the exact dates fixed by the contract, but never very long thereafter. These were accepted by the vendor and it was stipulated at the trial that on or about January 4, 1909, all payments due to February 1, 1909, had been made. The amount of the principal then unpaid

was sixty dollars. The court found upon conflicting testimony that on or about January 8, 1909, plaintiff wrote defendant a letter requesting that she be permitted to pay the balance of the purchase price sixty dollars (no part of which was then due under the terms of the contract), and that upon said payment she should receive a deed and certificate as provided by the terms of the agreement. There was a further finding that this offer was *bona fide;* that defendants gave no notice of their unwillingness to accept it; that not until some time in March, 1909, when plaintiff called at the office of C. P. Warden, the agent of Julia P. Warden, to enquire for her certificate and deed did she learn of the vendor's unwillingness to accept her offer; that she then and there tendered the whole sum of sixty dollars which was refused; and that she also tendered thirty dollars, the payments for February, March, and April, 1909, which were also refused by the agent of the vendor. The court also found that by mutual agreement of the parties thereto payments under the contract were made at various places, sometimes to the agent of the vendor at the banking establishment in which plaintiff was employed, and that by reason thereof plaintiff relied on the said agent calling at the bank to get the balance due for the property and to deliver the certificate of title and the deed; that plaintiff was at all times ready, able, and willing to make good her offer; and that defendants had acted in bad faith and had practiced fraud and deceit upon plaintiff in seeking to gain advantage under the strict terms of the contract. Among the conclusions of law was one to the effect that defendants by their acts and conduct were estopped from forfeiting and canceling the contract.

Several objections to the rulings of the court with reference to the demurrer to the complaint and the motion to strike out certain parts thereof are made, but they are without merit and no one of them deserves notice except the contention that the complaint does not characterize the consideration to be paid under the contract as adequate and the contract just and reasonable to defendants (citing *Fritz* v. *Mills,* 12 Cal. App. 115, [106 Pac. 725]). This court has consistenly upheld the rule set forth in the cited case but it is not necessary that, to conform to the requirements of section 3391 of the Civil Code, there must be averment and finding *in haec*

*verba* of "adequate consideration." (*Wait* v. *Kern River Mining etc. Co.,* 157 Cal. 25, [106 Pac. 98] ; *Sunrise Land Co.* v. *Root,* 160 Cal. 97, [116 Pac. 72].) In the complaint in this case there was an averment, found by the court to be true "that the value of said real property at the time of the making of said contract did not exceed the sum of $500." As the consideration mentioned in the contract was five hundred dollars with interest, and as of that amount four hundred and forty dollars with interest had been paid and the remainder was deposited in court for the vendor, adequacy of consideration was sufficiently alleged and found.

The court on motion struck out a so-called special defense by which defendants alleged that the $285 mentioned in the contract as paid at the date thereof was represented by plaintiff's conveyance to Julia P. Warden of a lot in Tehama County which did not exceed fifty dollars in value, and that there was a failure of consideration as to $235. The mere statement of this purported defense shows the propriety of the court's action in striking it out. In the contract itself Julia P. Warden acknowledged the receipt of $285 on account of the purchase price. No court of equity should allow her after many months during which she had accepted plaintiff's payments under the contract, to endeavor to impeach her own solemn acknowledgment of the payment to her of the $285, unless she fully averred fraud by which she was prevented from knowing the value of the land in Tehama County. There was no such allegation of fraud, and the statement of the attempted defense was wholly insufficient.

Appellants complain of the ruling whereby plaintiff was permitted to testify to the contents of her letter of January 8, 1909, in which she tendered the balance of the purchase price for the property. Their objection to this testimony was based upon the failure to make written demand upon them for the letter, but as its receipt by them was denied under oath, we fail to see how they were injured by the ruling.

Plaintiff testified that she had a certain conversation with the agent of Julia P. Warden during 1908 in which he offered her a discount for an immediate payment to close the purchase of the property and was told by her that she would consider the offer and let him know of her determination.

This was admissible as showing the course of dealing between the parties and as indicating one of plaintiff's reasons for believing that her offer, made in good faith, was being considered by the vendor. Testimony was given of another conversation between the same persons in which C. P. Warden, the agent of Julia P. Warden, offered, in March, 1909, to give plaintiff a deed upon payment of $125. But this was admissible, not upon the theory that the agent might vary the terms of the contract, but as one of the indications that the contract was not treated by the vendor as being at an end. It was not offered to show the making of a new contract, for plaintiff never contended that any new contract was made, consequently the case of *Niles* v. *Hancock*, 140 Cal. 157, [73 Pac. 840], cited by appellants, is not in point.

The finding that defendants were guilty of fraud is not sustained by the evidence. The mere facts that plaintiff's letter in which she offered to pay the entire balance due on the property was not answered; that Julia P. Warden's agent in refusing the tender subsequently made expressed his intention of "getting even" with Miss Boyd, and the other circumstances given in evidence are not sufficient to uphold the finding that Julia P. Warden, the vendor, and her husband, were or that either of them was guilty of actual fraud; but the finding of fraud is not essential to the upholding of the judgment. Without it, plaintiff is entitled to prevail in this suit. The conduct of defendants did amount to a waiver of the rights which they now assert under the clause of the contract declaring a forfeiture for failure to pay installments exactly on time. Miss Boyd was lulled into the belief that her offer of payment was acceptable. As soon as she learned that her written tender was repudiated she again offered either to pay the balance due under the contract and a month's installment, or to make good her original tender of the whole balance. Both offers were refused. It was not shown at the trial that defendants were injured by the delay or that the property had greatly increased in value. No demand was made upon plaintiff after January 1, 1909, nor was anything done by Julia P. Warden or her agent to give notice of the strict enforcement of the terms of the contract in the future. In the letter of January 8, 1909, acknowledging the receipt of the installment due on the first of that

month but paid on or about the fourth was the sentence, "Look to the terms of your contract," and appellants took the position that this was notice of the intention of the vendor to stand thereafter strictly upon the provisions of the agreement. But the quoted sentence was unrelated to any other part of the letter and was not in any manner illuminated by the context. While somewhat portentous in sound, like the soothsayer's warning to Caesar, "Beware the ides of March," it was equally cryptic and cannot be construed as the formal notice which appellants would have us pronounce it.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.