[Civ. No. 11797. Second Appellate District, Division Two.—September 19, 1938.]

MARGARET FILLMORE, Respondent, v. PEARL MILES REILLY, Appellant.

Clyde F. Murphy for Appellant.

Richard H. Cantillon, John E. Glover and Max E. Gilmore for Respondent.

CRAIL, P. J.—This is an appeal by the defendant from a judgment in a case based on the allegations that the plaintiff had large sums of money in a joint safety deposit box issued in the name of plaintiff and defendant and to which both had access, and that the defendant withdrew said sums and took the same out of the box and retained the same without plaintiff's consent to her damage in the sum of $48,750. To these allegations the defendant filed a specific and general denial. The defendant is the mother of the plaintiff.

The defendant files a brief containing 531 printed pages, but she does not specifically state the grounds upon which she seeks reversal. We find that at the bottom of page 43 of defendant's brief is the following statement, which we assume is the chief contention of the defendant: " . . . and this appellant feels that if the entire case—in other words, the 'whole evidence' of the case—is analyzed, it will be seen that Mrs. Fillmore's testimony is so contradictory, inconsistent and unsatisfactory, as not to be sufficient in substantiality

to warrant a verdict in her favor for $20,000, or any other sum.'' With this contention in mind the defendant reviews the entire evidence in the case, stating the same in the light most favorable to the defendant. ■ The defendant forgets that it is the duty of this court on appeal to review the evidence in the light most favorable to the plaintiff (respondent), and that in this connection it is our duty merely to search the record to see if there is any substantial evidence to sustain the implied findings of the verdict. We have read and reread the defendant's brief and are impressed with its unusual eloquence.

Plaintiff, on her part, contents herself with setting forth in her brief certain evidence, setting forth the book and page where it may be found in the record, which is substantial evidence to sustain the verdict. It is not for this court to weigh the evidence nor to determine where the truth lies when there is a conflict.

This case, so far as the pleadings were concerned, was presented to the jury as a lawsuit involving the simple issues of a damage case in which the complaint alleged a conversion and the answer denied it without alleging any new matter or defense. But the defendant in her testimony undertook to prove that the parties were joint adventurers or partners, and so for twenty-six days before the trial court and jury there was unfolded a drama involving the lives of the parties since about the year 1900—the exciting career of the celebrated Mary Miles Minter, another daughter; a story of the yet unsolved Taylor murder mystery case, and certain insanity proceedings which had been instituted by the defendant against the plaintiff. This became a lawsuit truly jammed with drama, and it comes before us in 2,807 pages which give us a life story of the Shelby family, as well as the facts pertinent to the instant case.

■ The next contention of the defendant seems to be that this was a suit in equity for an accounting and that the court should have prepared findings, using the verdict of the jury as merely advisory. The answer is that there was nothing in the pleadings about a partnership and about an accounting and that the plaintiff went ahead and produced evidence which, if believed, entitled her to a verdict on the theory of conversion. The defendant admits that ''a court

cannot, by reason of unavailable evidence and failure of memory of litigants and witnesses, reconstruct, in kind, a long series of separated, successive, loosely-made, insufficiently understood, or misunderstood agreements between members of a joint, common, or collective enterprise, in order to determine what their actual agreement was in the beginning, and the myriad ways in which it was modified and changed and re-made, so as to reach its ultimate state''. Exact justice is an ideal which is set up at which to aim, and the machinery of justice is set in motion to accomplish the ideal as nearly as possible within the limits of human capacity. After reading the briefs in this case we are delighted that our trial court, hampered as it was by the pleadings and by the human frailties of the parties, came so close to the ideal.

The defendant not only did not set up an equitable defense of partnership and for an accounting, but during the trial she testified that, ''It all belonged to me. She had never earned anything. She had nothing due her.'' In other words, the defendant not only failed to set up an equitable defense in her pleadings but she failed even to attempt to establish the same by way of her evidence, and on the contrary her testimony is against any theory of partnership or joint enterprise.

The right to a jury trial is determined by the character of the pleading. (*Stern* v. *Hillman,* 115 Cal. App. 156 [300 Pac. 972]; *O'Dea* v. *Hibernia Sav. & Loan Soc.,* 119 Cal. App. 622 [7 Pac. (2d) 318].) The issues in this case set up an action at law and not one in equity. It is elementary that if one wishes to avail himself of an equitable defense he must set it up in his answer. (*Verbeck* v. *Clymer,* 202 Cal. 557 [261 Pac. 1017].)

The defendant next contends that the court erred in giving several instructions to the jury. The first instruction which the appellant presents and the one upon which she primarily relies in this regard is as follows: ''In civil cases a preponderance of the evidence is all that is required. By a preponderance of the evidence is meant such evidence as when weighed with that opposed to it has more convincing force, *and from which it results that the greater probabilities are in favor of the party upon whom the burden rests.''*

At the request of the defendant the court had instructed the jury in the instruction just before this that the burden of proof was upon the plaintiff, and the defendant contends that the instruction of which she complains is, in effect, a statement that a preponderance of the evidence is evidence from which it results that the greater probabilities are in favor of the plaintiff. We do not think so. The instruction was a general instruction with awkward and confusing phrasing, but it did not point out either plaintiff or defendant. At another place in the instructions the court correctly instructed the jury that, "In civil cases a preponderance of evidence is always required, that is, such evidence as when weighed with that opposed to it has more convincing force." We are of the view that the instruction did not injure the defendant.

The defendant also contends that there were other instructions which the court refused to give, to her prejudice. In two of these instances the court gave substantially the same instruction in its own instructions. We have examined all of the complaints with regard to the instructions which are presented by the defendant, and it is sufficient for us to say that in none of the instances presented is there reversible error.

It is equally true, from what we have heretofore stated, that the trial court did not err in denying the defendant's motion for a directed verdict, and did not err in denying the motion for judgment notwithstanding the verdict, nor in denying the motion for new trial.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 17, 1938.