[Civ. No. 6949. Third Dist. Sept. 16, 1943.]

E. B. CAMPBELL, Respondent, v. MIRON RUSTIGIAN, et al., Appellants.

David E. Peckinpah, Fred J. Rogers, Frank E. Curran and L. N. Barber for Appellants.

Barbour & Backlund, Henry E. Barbour, William B. Backlund, Lawrence W. Young, Keyes & Erskine, J. Benton Tulley and Herbert W. Erskine for Respondent.

THOMPSON, J.—This is a motion on the part of plaintiff to dismiss the purported appeal from an order granting a new trial, on the ground that the notice of appeal is ineffectual because this court lacks jurisdiction since subdivision 2 of section 963 of the Code of Civil Procedure authorizes an appeal ''from an order granting a new trial'' only in ''an action or proceeding where a trial by jury *is a matter of right.*'' (Italics ours.) In this suit to quiet title to real property equitable issues only are presented by the pleadings or determined by the findings and judgment. In neither the pleadings, nor the findings nor the judgment does it appear that the plaintiff or any of the defendants held possession of the real property. It is purely an equitable suit to quiet title and not ''an action for the recovery of specific real property'' contemplated by section 592 of the Code of Civil Procedure.

The complaint merely alleges that the plaintiff acquired title to the real property in question by purchase at a sheriff's sale under execution pursuant to a judgment which was rendered in favor of the plaintiff in another suit against one of the defendants, Harry M. Rustigian. The last mentioned party filed a disclaimer in this action. The other defendants, Miron Rustigian and Hagoohi Rustigian, who are husband

and wife, filed an answer merely denying the material allegations of the complaint, and affirmatively asserting that they bought the property from the Security First National Bank of Los Angeles May 4, 1937, and that "these defendants, and each of them, are the sole and absolute owners of said real property." The prayer of the answer merely asks that plaintiff take nothing by his action and that the defendants "go hence with their costs." Neither the complaint nor the answer alleges possession or asks for possession of the property.

At the time of the trial the defendants demanded and were granted a jury trial, on the theory that its verdict would be advisory only. The cause was fully tried and the jury returned a general verdict "in favor of defendants, Miron Rustigian and Hagoohi Rustigian." Plaintiff's motion to set that verdict aside was denied. The court adopted findings in accordance with the verdict favorable to the last mentioned defendants, and rendered judgment accordingly to the effect that neither the plaintiff nor Harry M. Rustigian had any right, title or interest in the real property, and upon the contrary that Miron Rustigian and Hagoohi Rustigian "are the sole, absolute and lawful owners" of the real property in question. The last mentioned defendants were awarded their costs in the sum of $167.85.

Plaintiff moved for a new trial on the grounds of lack of evidence to support the findings and judgment and for errors committed in the course of the trial. That motion for new trial was granted on the ground last mentioned. From the order granting a new trial the said defendants gave notice and prepared and filed their record on appeal. The motion to dismiss the appeal was duly made on the ground that this court is without jurisdiction since the action to quiet title is not one in which "a trial by jury is *a matter of right.*"

We are of the opinion the purported appeal should be dismissed for the reason that neither the pleadings nor the findings nor the judgment raises the issue of the right to possession of the real property in question, and no other issue at law is presented. It is purely a suit to quiet title to real property which is equitable in its nature. It is only when issues of law are involved in the pleadings that a right to a trial by jury attaches. It has been held in an action for recovery of specific real property, as provided by section 592 of the Code of Civil Procedure, when an issue of law is raised by allegations in a complaint, answer or cross-complaint that the plaintiff is out of possession and seeks thereby to recover posses-

sion, or where the plaintiff is in possession and the defendant by his answer or cross-complaint seeks to oust him and recover possession in his own behalf that the right of trial by jury then exists. (*Thomson* v. *Thomson,* 7 Cal.2d 671, 681 [62 P.2d 358, 117 A.L.R. 1]; *Reiner* v. *Schroeder,* 146 Cal. 411, 420 [80 P. 517].) No such issue was raised in the present action. The right of possession of the real property is not involved.

█ The right to a trial by jury must be determined by the character of the pleadings considered as a whole. (*Fillmore* v. *Reilly,* 28 Cal.App.2d 460, 463 [82 P.2d 739]; 15 Cal.Jur. 334, sec. 12.) █ An action to quiet title to real property which is pleaded and considered by the court in its findings and judgment as purely equitable in its nature may not be converted into a law suit, conferring the right of appeal from an order granting a new trial, by the mere fact that evidence was introduced showing that one or the other of the parties was in actual possession of the property. If the possession or the right of possession of the property is neither pleaded nor determined by the court, the actual possession by one of the parties does not change the nature of the action. We therefore conclude that this suit to quiet title is equitable and that the parties were not entitled to a trial by jury as a matter of right.

It follows that since the parties to this action were not entitled to a trial by jury as a matter of right, on any issue involved in this litigation, the order granting the motion for a new trial is not appealable. (*Crouser* v. *Boice,* 51 Cal.App. 2d 198 [124 P.2d 358].) The defendants will still have their day in court upon the new trial.

The motion to dismiss the appeal is therefore granted, and the appeal is accordingly dismissed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied October 15, 1943, and appellants' petition for a hearing by the Supreme Court was denied November 8, 1943. Curtis, J., Carter, J., and Traynor, J., voted for a hearing.