[Civ. No. 13732.  First Dist., Div. Two.  Feb. 18, 1949.]

GERTRUDE BODEM, Appellant, v. E. FRIEDMAN et al., Respondents.

William R. Biaggi for Appellant.

James F. Boccardo and Joseph P. Kelly for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment refusing to quiet her title to a parcel of real property. On November 1, 1940, plaintiff and appellant, Gertrude Bodem, and her husband entered into a written contract with defendants and respondents Friedman and Hays for the sale of the real property to respondents for $5,132. Two hundred and eighty-two dollars was paid on the execution of the contract and the balance was provided to be paid in monthly instalments of $40 per month until the balance including interest at the rate of 6 per cent per annum on decreasing balances had been paid in full. Time was expressly made of the essence and the contract provides that the performance by the purchasers of all the terms of the contract is a condition precedent to the obligation of the sellers to perform the agreement on their part and that in the event of the failure of the purchasers to comply with any of the covenants of the agreement the sellers, without notice to the purchasers, shall be released from all obligations in law or in equity and the purchasers shall forfeit all their rights under the contract.

The purchasers agreed that they would pay not less than $40 on the first of each month; that they would pay all taxes on the property; that they would keep the buildings on the property insured against loss by fire; that they would make no alterations in the buildings on the premises without the written consent of the sellers; and that all deferred payments should bear interest at the rate of 6 per cent per annum payable monthly. Appellant claims that respondents were guilty of breaches of each of the above recited covenants. We need not discuss these claims in detail because the trial court found that their performance had been waived by the con-

duct of the sellers in 1946 just prior to the time that the quiet-title action was filed by them on February 19 of that year. We are satisfied that the evidence supports this finding and that this finding sufficiently supports the judgment.

There is evidence that about January 20, 1946, respondent Friedman talked to Mrs. Bodem on the telephone and told her that respondents "were in a position to pay off the property, and we would appreciate if she could go down to the California Abstract Company there with the deed and they would clear up the whole matter there, so she says, 'Well, that is grand, Mr. Friedman, and I know that Mr. Bodem will be pleased to hear that too.' She says, 'However, he's in the south now, and as soon as he comes back, I'll have that matter taken care of.' "

Following this conversation with the appellant and on February 6, 1946, the proceeds of a loan negotiated by respondents amounting to $8,500 were deposited with the California Pacific Title Insurance Company for the primary purpose of paying Mrs. Bodem the balance due by respondents on the purchase price of the property. Several converations were held with Mr. Bodem, who acted with full authority from his wife, in none of which did he indicate in any way that they did not intend to go through with the transaction and some time between February 6 when the $8,500 was deposited with the title company and February 19 when the quiet-title action was commenced Mr. Bodem went to the title company office and told an officer of the company that "he wasn't ready to deposit the deed as yet, he had some unfinished business in regard to this particular piece of property, and that he'd let us know when he could get the deed." Instead the complaint to quiet title was filed on February 19, which was the first notice to respondents that the sellers did not intend to deposit a deed with the title company and collect the balance due on the contract from the money deposited there for that purpose.

While much of the above recited testimony was contradicted it was believed by the trial court and supports the finding that any precedent breaches of the contract known by appellant were effectively waived. The sellers cannot successfully engage in a secret plot to work a forfeiture of the contract while leading the buyers to believe that they are preparing to deliver a deed to them upon the payment of the purchase price in full. Under the findings of the trial court that is exactly what was attempted in this case. The waiver may

be by conduct as well as by express language. (25 Cal.Jur. 612; *Boyd* v. *Warden,* 163 Cal. 155 [124 P. 841] ; *Hayt* v. *Bentel,* 164 Cal. 680 [130 P. 432] ; *Stevinson* v. *Joy,* 164 Cal. 279 [128 P. 751] ; *Boone* v. *Templeman,* 158 Cal. 290 [110 P. 947, 139 Am.St.Rep. 126] ; *Community Ind. Land Co.* v. *Walker,* 61 Cal.App.2d 298 [142 P.2d 757] ; *Hunt* v. *Mahoney,* 82 Cal.App.2d 540 [187 P.2d 43].)

Appellant relies heavily upon the following language of the contract: ''That the waiver by seller of any breach of any term hereof shall not be deemed or be held to be a waiver of any subsequent or other breach of said covenant, nor a waiver of any breach of any other covenant or agreement.'' Since the waiver here relied upon continued to the very moment when suit was brought this provision can afford no comfort to appellant.

The tender by deposit with the title company was not objected to but was at least tacitly acquiesced in by appellant. The fact that tender was not made in strict conformity with the law was thereby waived. (Civ. Code, § 1501; *Lichty* v. *Whitney,* 80 Cal.App.2d 696 [182 P.2d 582] ; *Hunt* v. *Mahoney, supra,* 82 Cal.App.2d 540.) The money remained with the title company until long after the commencement of this action and respondents were not bound to keep it available after appellant had made it clear by commencing this action that she did not intend to accept it. Civil Code, section 1500 has no application to this situation. (*Marshall* v. *Hilton,* 209 Cal. 531 [289 P. 165] ; *McLane* v. *Van Eaton,* 60 Cal.App.2d 612 [141 P.2d 783].)

One further point remains for discussion. Without obtaining the written consent of appellant as required by the contract respondents expended $2,800 or $2,900 plus their own labor in the alteration and improvement of a building on the premises. This was a technical violation of the covenant not to make any alterations without the written consent of the seller and since there is no evidence that appellant had any knowledge of these alterations prior to commencing this action that breach cannot be held to have been waived by the prior conduct herein discussed. However, no attempt was made to prove that the property was diminished in value by these improvements and one of the respondents testified that its value was thereby increased $5,000. Both respondents testified that the improvements were commenced after the first conversation with appellant in January, 1946, and in reliance upon their belief that their purchase of the

property would soon be completed. Under all of the circumstances this extremely technical breach, induced as it was by the disingenuous conduct of appellant and her husband, furnishes no substantial ground for a forfeiture.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.