[Civ. No. 16737. First Dist., Div. One. Aug. 22, 1956.]

E. A. TALIAFERRO, Appellant, v. DOROTHY D. TALIAFERRO et al., Respondents.

Eugene A. Taliaferro, in pro. per., for Appellant.

Masterson & Edwards for Respondents.

PETERS, P. J.—The plaintiff, E. A. Taliaferro, brought an action against his ex-wife and her attorney for a "manda-

tory injunction and accrued damages." The defendants demurred, generally. The demurrer was sustained without leave to amend. Judgment was entered in favor of defendants. Plaintiff, in propria persona, appeals.

The complaint alleges that on July 26, 1954, defendant Dorothy Taliaferro secured a judgment against plaintiff in Contra Costa County; that as a result of that judgment defendants are claiming a lien against all of plaintiff's property in Contra Costa County; that since July 26, 1954, the plaintiff has placed a sum of money, unspecified as to amount, "in escrow with the Contra Costa Title Company with instructions to apply said sum against the payment of the judgment . . . and for the release of the judgment lien filed and claimed by the defendants"; that since such deposit "defendants have been repeatedly notified that said sum of money was on deposit for their benefit and would be immediately paid over to them upon deposit in escrow by them of releases of their claimed liens against plaintiff's properties and delivery by them of satisfaction of judgment commensurate with any sums paid"; that defendants have refused to deposit into escrow any releases of liens or satisfactions of judgment; that such refusal is wilful, malicious and oppressive to plaintiff; that by reason of the refusal of defendants to accept payments and to issue releases the plaintiff has been impeded in his business, has suffered loss of credit and of business, and has suffered humiliation, loss of reputation, and nervous disability; that plaintiff has no adequate remedy at law. The prayer is for a mandatory injunction requiring the defendants "to place in escrow releases of all claimed liens and a satisfaction of judgment commensurate with the amount of money paid to them at the time of the deposit of said instruments," and for compensatory damages of $10,000 and punitive damages of $20,000.

The complaint does not allege a cause of action for equitable relief for the reason that a plain, speedy and adequate remedy is provided by statute. Section 675 of the Code of Civil Procedure provides, in part: ". . . Whenever a judgment is satisfied in fact, otherwise than upon an execution, the party or attorney must give such acknowledgment, or make such endorsement, and, *upon motion,* the court may compel it, or may order the entry of satisfaction to be made without it." (Italics added.)

The case of *Schwartz* v. *California Claim Service,* 52 Cal.

App.2d 47 [125 P.2d 883], illustrates the proper application of this section. There the defendant had a judgment against the plaintiff for $147.50. The judgment creditor accepted $15 in full settlement of the judgment, the money was paid, and the judgment debtor received a satisfaction of judgment signed by an attorney purportedly acting for the judgment creditor. Thereafter, the judgment creditor caused execution to issue against the judgment debtor's bank account. The judgment debtor filed an equitable action, the purpose of which was to secure a declaration that the judgment was satisfied. At page 51 the court, in disposing of this point, used the following language: "If by the second cause of action it was attempted to allege a case calling for equitable relief, the facts stated were insufficient. If the judgment had been satisfied by executed agreement and the execution for that reason had been erroneously or wrongfully issued, plaintiff (the judgment debtor in the municipal court action) had a right to apply by motion in the municipal court for an order directing satisfaction of the judgment of record. (Code Civ. Proc., § 675.) He could not go directly into a court of equity to obtain relief which was available to him through a legal remedy that was plain, speedy and adequate."

Thus, before plaintiff can seek equitable relief, he must first exhaust his remedy by motion. Of course, if that remedy had been tried and denied, then plaintiff would then be entitled to equitable relief (*Eppinger* v. *Scott*, 130 Cal. 275 [62 P. 460]), but that is not this case. There is no allegation that plaintiff ever made such a motion or no contention that plaintiff could amend to so allege.

Plaintiff contends that the remedy by motion is not an adequate one because, so it is argued, in order to pay the judgment it is necessary to borrow on the very property on which the judgment lien has attached. No lender will lend money to him without the conveyance to such lender of a clear title to the property by way of security, and in order to accomplish this it is necessary to arrange an escrow so that the judgment lien can be released simultaneously with the payment. Plaintiff argues that unless defendants are ordered to accept payment through the escrow they will execute on the property and sell it at a distressed sale. For this reason, he contends, the remedy by motion under the code section is not speedy, or adequate or sufficient. Plaintiff refers to no cases in which an equity court has compelled a party to accept payment of a judgment through a title company escrow, but contends

that equity has the power to fit its relief to new situations, particularly in the field of commercial transactions, and that this is a case where such power should be exercised.

There is no doubt that the court has power, in the exercise of its equity jurisdiction, to recognize new and expanding remedies to meet new situations. (*Wuest* v. *Wuest*, 53 Cal.App.2d 339 [127 P.2d 934].) But there is no need to create such new remedies where the remedies at law are adequate. Here the legal remedy is adequate and complete. Under the provisions of section 1500 of the Civil Code "An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor." Under section 1499 of the same code a debtor may require from his creditor "a written receipt for any property delivered in performance of his obligation." (See also *Ferrea* v. *Tubbs*, 125 Cal. 687 [58 P. 308].)

Under these sections it is clear that plaintiff is pursuing the wrong remedy, in that there exists a complete and adequate remedy at law. All plaintiff has to do is to deposit the money required to pay the judgment in the name of the creditor with a bank, not a title company, under section 1500 of the Civil Code, and then under section 1499 of the Civil Code and section 675 of the Code of Civil Procedure demand that the creditor give a receipt for the amount of the payment and a satisfaction of the judgment. If the judgment creditor refuses, a motion under section 675 of the Code of Civil Procedure will secure the desired relief. Such procedure meets all of plaintiff's objections. Certainly, any lender who is willing to advance the money to pay the judgment on the security of the attached property would be as willing to follow this procedure as he would to follow the title company-escrow procedure. Under the available legal procedure such lender would be fully protected in that he would not be required to pay over the money until he is assured the judgment lien is satisfied. There being an available adequate legal remedy equitable relief is not available, and the complaint, therefore, does not state a cause of action for equitable relief.

Nor does the complaint state a cause of action for damages. There is no "contract" alleged which has been breached by failure of defendants to accept the proffered pay-

ment. Nor is any tort cause of action alleged. There has been no attempted execution, wrongful or otherwise, and no false statements by defendants are alleged that could possibly constitute an unlawful slander of title or wrongful injury to credit. If any damage has been suffered by plaintiff it is wholly due to his own conduct in not taking the proper procedural steps to obtain entry of a satisfaction of the judgment. The law gives him a complete and adequate remedy. This he failed to pursue. Any damage suffered was not caused by defendants.

Plaintiff argues that it was error to sustain the demurrer without leave to amend, contending that if given such permission he could allege that defendants had accepted two substantial payments on the judgment through the title company escrow, and so had waived strict compliance with Civil Code, section 1500. (See *Bodem* v. *Friedman,* 90 Cal.App.2d 225 [202 P:2d 632].) But such allegations would, at most, cure the failure to comply with section 1500 of the Civil Code. But they would not cure the fundamental defect of failing to attempt to secure satisfaction of the judgment under the procedure set forth in section 675 of the Code of Civil Procedure. In fact, such additional allegations, if permitted, would demonstrate the adequacy of the remedy under section 675. If it is a fact that the parties have agreed that payment through a title company escrow is acceptable, and that an amount has been deposited with the title company sufficient to pay the judgment in full, and that compliance with section 1500 of the Civil Code has been waived, then all that would be necessary to secure complete relief would be a motion for satisfaction of the judgment under section 675 of the Code of Civil Procedure. On the hearing of such motion, if plaintiff could show a valid tender and performance, the court would compel the entry of the satisfaction of the judgment. Thus, it was not error to refuse the right to amend.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.