[Civ. No. 24256.   First Dist., Div. One.   Feb. 16, 1968.]

CARL J. ROMAN et al., Plaintiffs and Appellants, v. A. B. RIES et al., Defendants and Respondents.

Changaris, Trezza & Ithurburn and Terence J. Keeley for Plaintiffs and Appellants.

Petersen, Lonergan & Irish, Robert C. Petersen and James Larson for Defendants and Respondents.

ELKINGTON, J.—Plaintiffs appeal from a judgment entered in favor of defendants in a quiet title action which established a boundary line between their respective properties.

The facts, which are correctly stated in plaintiffs' brief, appear as follows. In May of 1959, defendants purchased land which presently adjoins plaintiffs' property. At that time plaintiffs' land was owned by Onni Reinikainen. When defendants purchased the property they did not know where the boundary line between the two properties was located. A month to three months after purchasing the land defendant A. B. Ries had a conversation with Mr. Reinikainen concerning the location of the boundary. At that time defendants were still in doubt as to the location of the boundary. Mr. Reinikainen purported to know the true location of the boundary and pointed this location out to Mr. Ries. Mr. Reinikainen, believing this to be the true line, acquiesced in defendants' improvement of their property up to this line. If the line was as Reinikainen stated, then defendants' house was built on their own property. Subsequently plaintiffs pur-

chased Mr. Reinikainen's land. A survey, based upon the deeds of plaintiffs and defendants, as well as a subdivision map, disclosed that Mr. Reinikainen was incorrect. The survey showed defendants' home to be partially located on plaintiffs' property.

The court found that Reinikainen and Ries had agreed to the boundary line, and that in reliance thereon Ries had constructed a house and made other improvements on land which was in fact Reinikainen's property.

In a discussion of the law relating to agreed boundaries, *Kraus* v. *Griswold*, 232 Cal.App.2d 698, 704-705 [33 Cal.Rptr. 139], states:

"The requirements of proof necessary to establish a title by agreed boundary are well settled by the decisions in this state. *It is necessary to show that there was an uncertainty as to the true boundary line, an agreement, express or implied, between the conterminous owners fixing the line, and acceptance and acquiescence in the line so fixed* for a period equal to the statute of limitations[1] or *under such circumstances that substantial loss would be caused by a change of its position* [citations]. 'It is not required that the true location be absolutely unascertainable [citation]; that an accurate survey from the calls in the deed is possible [*sic*] [citation], or that the uncertainty should appear from the deeds [citation]. The line may be founded on a mistake. [Citation.]'

"The object of the rule confirming occupation according to an agreed line '. . . is to secure repose, to prevent strife and disputes concerning boundaries, and make titles permanent and stable'; and the rule not only binds the parties, but also their successors by subsequent conveyances. [Citations.] . . . [T]he rationale underlying this doctrine is stated thusly: '[T]he doctrine of an agreed boundary line and its binding effects upon the conterminous owners rests fundamentally upon the fact that there is, or is believed by all parties to be, an uncertainty as to the location of the true line. When that uncertainty exists, or is believed by them to exist, they may amongst themselves by agreement, fix the boundary line, and that agreement will bind all the consenting parties. Acquiescence is merely evidence of the agreement and can properly be considered as evidence of an agreement only when a formal

[1]No contention is made in the briefs, and the record indicates that no contention was made at the trial, that such a period equal to the statute of limitations had run. No findings were requested or made on the question.

agreement would itself have made a binding contract.'"
(Italics added.)

Here all of the requirements of a title by agreed boundary are present: There was an uncertainty as to the true boundary line, an express or implied agreement fixing the line, and the acceptance and acquiescence in the line so fixed, under such circumstances that substantial loss would be caused by a change of its position.

Plaintiffs insist that there was no mutual *uncertainty* as to the true boundary. They insist that Mr. Reinikainen was merely *mistaken*, not uncertain. We see no valid applicable distinction between these terms. *Kraus* v. *Griswold, supra,* holds "The [agreed boundary] line may be founded on a mistake." (P. 705.) Defining "uncertainty" as applied to the doctrine of agreed boundary the court in *Nusbickel* v. *Stevens Ranch Co.,* 187 Cal. 15, 19 [200 P. 651], stated: "The word 'uncertainty' is used in the statements of the rule in the decisions to convey the idea that at the time of the location of the division line neither of the conterminous owners knew the true position of the line on the ground. . . . it should be remembered, in applying the doctrine, that it is only resorted to where the line agreed on is different from the true line. It is this fact that creates the necessity for the doctrine. . . . *The fact that it was founded on a mistake always appears, and must appear, else there would be no occasion to invoke the doctrine.*" (Italics added.)

Plaintiffs next contend that the elements of estoppel are not established by the record. They insist, for an estoppel to exist, Mr. Reinikainen must have known where the true boundary line was and that his statement to defendants as to its location must have been made with express intent to deceive or with such careless or culpable negligence as to amount to constructive fraud. Relied upon are *Staniford* v. *Trombly,* 181 Cal. 372, 375 [186 P. 595]; *Biddle Boggs* v. *Merced Mining Co.,* 14 Cal. 279, 366-368; *Williams* v. *Barnett,* 135 Cal.App.2d 607, 611-612 [287 P.2d 789]; and *Janke* v. *McMahon,* 21 Cal. App. 781, 788 [133 P. 21]. These cases concern either mere acquiescence in, or mistaken representations about, an erroneous boundary line. In none of them was there found to be, as there was here, an *agreement* as to the boundary line.

It has been repeatedly held where the evidence supports findings of an agreed boundary line with prior uncertainty as to its location, the doctrine of estoppel may apply. Thus in *Kirkegaard* v. *McLain,* 199 Cal.App.2d 484,

489 [18 Cal.Rptr. 641], it was held: "If the evidence supports the finding that there was an agreed boundary and that there was an uncertainty in respect to it within the technical meaning of that term, *then the judgment of the trial court could be affirmed under the exception relating to estoppel.*" (Italics added.) Similarly, the court in *Frericks* v. *Sorensen,* 113 Cal. App.2d 759, 761 [248 P.2d 949], stated: "The original understanding with Ferguson, the representation made to Grey and acquiescence in possession of the strip and the making of improvements by Ferguson and Grey *combined to make out a complete case of equitable estoppel. (Grants Pass Land & Water Co.* v. *Brown,* 168 Cal. 456, 462 [143 P. 754].) *The Sorensens, as successors of the Thatchers, were likewise estopped.* [Citation.]'' (Italics added.)

▪ Plaintiffs also contend that since neither estoppel nor agreed boundary were pleaded by defendants, they cannot be relied upon in support of the judgment. The pleadings do not appear in the clerk's transcript or elsewhere on the record. The record does show, however, that the case was tried, without objection, on the theory that the issues were agreed boundary and estoppel. The instant contention may not now be raised. "A party cannot permit an issue to be litigated and on appeal escape the consequences by claiming that such issue was not pleaded." (*Vaughn* v. *Jonas,* 31 Cal.2d 586, 605 [191 P.2d 432]; see also 3 Witkin. Cal. Procedure (1954) Appeal, §§ 96-98, pp. 2264-2266.) ▪ And it has been held that in a quiet title action an answer denying plaintiff's title and right to possession is always sufficient. Under such an answer a defendant may prove whatever right he may have. (*Smart* v. *Peek,* 213 Cal. 452, 454 [2 P.2d 380]; *Winberry* v. *Lopez,* 178 Cal.App.2d 672, 676 [3 Cal.Rptr. 245]; *Taliaferro* v. *Crola,* 152 Cal.App.2d 448, 450 [313 P.2d 136].)

▪ We note that the southerly ends of the original boundary and the agreed boundary commence at the same point. Each proceeds in a general northerly direction forming the sides of a narrow right-angle triangle several hundred feet in length, which at the northerly end of the Ries property has a base of approximately 40 feet. The Ries home encroaches on the southerly and narrower half of this triangle. The judgment accordingly awards to Ries at the northerly end of his property a portion of Roman's land which has no substantial relation to Ries' reliance or the extent to which he would suffer substantial damage because of such reliance. Such a result is obviously inequitable.

An action to quiet title is equitable in nature (*Thomson* v. *Thomson,* 7 Cal.2d 671, 681 [62 P.2d 358]; *Campbell* v. *Rustigian,* 60 Cal.App.2d 500 [140 P.2d 998]). And here the agreed boundary is not based on ''the acceptance and acquiescence in the line for a period equal to the statute of limitations.'' Instead it has its basis in the equitable doctrine of estoppel and the circumstance that Ries would suffer substantial loss if denied the benefit of the agreed upon boundary line. (See *Kraus* v. *Griswold, supra,* 232 Cal.App.2d 698, 704-705.)

We conclude that there should be excluded from the land awarded Ries by the judgment, that portion at the northerly end thereof which bears no reasonable relation to any change of position suffered by Ries in reliance upon the agreed boundary.

It is pointed out that there is no precedent for allowing a party the benefit of part, but not all, of an agreed boundary. Such is probably so; the case before us is a novel one. But there are no fixed rules limiting the power of equity in dealing with subject matters coming generally within its jurisdiction; equity has power to deal with novel situations. (*Southern Pac. Co.* v. *Robinson,* 132 Cal. 408, 412 [64 P.2d 572, 12 L.R.A. N.S. 497].) ''There is no doubt that the court has power, in the exercise of its equity jurisdiction, to recognize new and expanding remedies to meet new situations.'' (*Taliaferro* v. *Taliaferro,* 144 Cal.App.2d 109, 113 [300 P.2d 726].) ''Equity does not wait on precedent which exactly squares with the facts in controversy, but will adjust itself to those situations where right and justice would be defeated but for its intervention.'' (*Mills* v. *Mills,* 147 Cal.App.2d 107, 118 [305 P.2d 61]; see also *Lobdell* v. *Miller,* 114 Cal.App.2d 328, 344 [250 P.2d 357]; 18 Cal.Jur.2d, Equity, § 7, pp. 147-148.)

The judgment is reversed. The superior court will make a determination as to the portion of land reasonably required to be awarded defendants in order that they will not suffer substantial loss by reliance upon the agreed boundary line. Modified findings and judgment, consistent with this opinion, will thereafter be entered in favor of defendants. The parties will bear their own costs on this appeal.

Molinari, P. J., and Sims, J., concurred.