[Civ. No. 32364.    Second Dist., Div. Two.    Mar. 3, 1969.]

DOOLEY'S HARDWARE MART, Plaintiff and Respondent,
v. DORICE C. TRIGG, Defendant and Appellant.

338

Albert J. Corske for Defendant and Appellant.

Baird, Mooney & Baird and Woodrow W. Baird for Plaintiff and Respondent.

FLEMING, J.—Dooley's Hardware Mart (personified here as Dooley), the owner of Lot 5, obtained judgment and $40 damages against Dorice Trigg, the owner of Lot 6, enjoining her from using a strip of Lot 5, 94 feet long and one foot wide. Mrs. Trigg appealed, claiming title to the one-foot strip by adverse possession, estoppel, and agreed boundary. In the alternative, she claimed a prescriptive easement to the use of the strip for driveway purposes.

In 1955 Dooley bought Lot 5 for use as a parking lot in connection with the operation of his hardware store. A Long Beach ordinance required a fence around parking lots. Dooley erected a concrete block fence parallel to the boundary of the lot now owned by appellant, but one foot short of the boundary. With respect to the fixing of the line, Dooley testified:

"Q. And you put up a fence along the westerly boundary of that property?

A. Yes, I hired a contractor to put up a fence.

Q. Now, did you fix the location of the fence for the contractor?

A. Yes I did. I thought it was near the line.

Q. You went out and looked at the property?

A. Yes. I told the contractor where to put the fence and I thought it was near the line.

Q. Did you use any means other than visual examination to ascertain—

A. Yes, I believe we measured. We measured, we thought, across the front of the property.

Q. At that time or at a later time did you measure?

A. We measured some. We evidently made a mistake. I thought that we were on the line or right close to the line when we built the fence."

Mrs. Trigg acquired her lot in 1957. She thought the concrete block fence marked the boundary between her lot and Dooley's and in 1957 she built a concrete driveway parallel to and abutting the concrete block fence. In 1959, to secure privacy from Dooley's customers, she erected a plastic shield resting on a portion of the strip and extending three feet above the adjoining concrete block fence.

In 1965 Dooley surveyed his property in the course of planning new construction and discovered that the true line between Lots 5 and 6 was located on Mrs. Trigg's driveway, one foot beyond his concrete block fence. Dooley proposed to rebuild the fence on the true line, Mrs. Trigg objected, and this suit followed.

■ *Adverse Possession.* Appellant cannot claim title to the strip by adverse possession, for she paid no taxes on any portion of Lot 5 during the period of her encroachment. (Code Civ. Proc., § 325.)

■ *Estoppel.* Appellant cannot claim title by estoppel, for Dooley did not indicate his approval of the location of Mrs. Trigg's driveway at the time of its construction nor did he commit himself to an acceptance of its location any time subsequently. (*Roman* v. *Ries*, 259 Cal.App.2d 65, 68 [66 Cal. Rptr. 120].)

*Agreed Boundary.* Nor can appellant establish title to the strip by an agreed boundary. In this respect the trial court found: "That although plaintiff believed that said fence was being erected on or near the boundary line of its property, it

did not intend that said fence be a boundary line fence or agree, then or thereafter, continuously to the present, with the adjacent property owners or anyone that said fence was a boundary line fence. That plaintiff made no agreement with any person whatsoever with regard to the location of said fence. That plaintiff erected said fence for the reason that a Long Beach city ordinance required that such fence be erected around this parking lot.''

■ The usual requirements for establishment of an agreed boundary are that the boundary be uncertain, that the owners agree to settle that uncertainty by adopting a particular boundary, and that the owners acquiesce in the settlement for the statutory period. In recent years the requirements for proof of an agreed boundary have been somewhat relaxed. In *Ernie* v. *Trinity Lutheran Church,* 51 Cal.2d 702 [336 P.2d 525], defendant's predecessor-in-interest surveyed its property in 1925 and then erected substantial structures in 1926 which encroached upon a strip of property 140 feet long and one foot wide belonging to plaintiff's predecessor-in-interest. No objection to the encroachments was made until 1952, and suit to remove them was not filed until 1956. Despite the lack of uncertainty in the boundary and despite the lack of evidence of any affirmative agreement of the owners settling the boundary in the past, the Supreme Court upheld a judgment which quieted defendant's title to the strip as an agreed boundary. Both uncertainty of boundary and subsequent agreement of the owners settling that uncertainty, said the court, could be inferred from long acquiescence.

But while courts may now infer agreements which formerly had to be proved, they are not required to do so in all cases. We think only the exceptional case justifies the drawing of such inferences. The result of *Ernie* v. *Trinity Lutheran Church, supra,* turned on the existence of two factual elements: (1) a generation of acquiescence in an existing boundary, in that case 26 years; and (2) the absence of specific evidence to rebut the presumption that an agreement locating the boundary had been made by the owners some time in the past. On the convergence of these two elements—the long period of acquiescence and the lack of any evidence to rebut the presumption of actual agreement—the inference of an agreement became conclusive and the boundary in use acquired currency as an agreed boundary.

■ By contrast, the case at bench contains neither of the elements critical to the decision in *Ernie* v. *Trinity Lutheran*

*Church, supra.* The period of acquiescence to the encroachment only amounted to 8 years, less than a third of the 26 years which had passed in *Ernie.* Equally important, there was specific testimony that no agreement in fact had ever been made by the parties about their common boundary. Dooley, who owned his property throughout the period, testified he never made any agreement with the adjoining owner about the boundary. Mrs. Trigg, who installed the concrete driveway in 1957 and the plastic shield in 1959, testified she never made any specific agreement on the boundary. Thus one adjacent owner during the entire period and the other during the period of encroachment, each testified in direct contradiction to the existence of an agreement. Consequently, the presumption of an agreement from long acquiescence in the delineation of an uncertain boundary finds nothing to attach itself to in the present case, and in the absence of the presumption appellant has failed to make a case for title by agreed boundary.

■ *Easement.* But although appellant cannot establish title to the strip, she can make good her claim to an easement for its use as a right of way. Having continuously used the strip for driveway purposes for the statutory period, she acquired an easement by prescription. The trial court rejected her claim of easement, primarily because it found that her use of the strip as a driveway had not been open and notorious. This finding was based on a misconception of law as to what must be open and notorious. It is undisputed that appellant's use of the strip as a driveway was open and notorious, but the trial court assumed that respondent's ownership of the strip and the fact of appellant's trespass must also be open and notorious. We do not believe this is required for the creation of an easement. We think the fact of use and not the fact of trespass is the significant element in the establishment of an easement by prescription. (*Cleary* v. *Trimble,* 229 Cal.App.2d 1, 7-10 [39 Cal.Rptr. 776].) Nor was there any evidence to support the court's finding of permissive use or neighborly accommodation. Appellant, therefore, was entitled to an easement for the use of the strip as part of her driveway. Because of the easement Dooley was not entitled to $40 in damages.

However, appellant's easement is limited to one foot for driveway purposes. It does not extend to the erection and maintenance on the strip of such insubstantial structures as the plastic shield. (*Steel* v. *Shuler,* 211 Cal.App.2d 698, 707 [27 Cal.Rptr. 569].)

The judgment is affirmed in part and reversed in part, and the trial court is directed to enter judgment in accordance with this opinion. Each party will bear its own costs.

Roth, P. J., and Herndon, J., concurred.